MEHLMAN MANAGEMENT CORP., Appellant v ALLEN M. MEYERS et al., Respondents.—Judgment, Supreme Court, New York County, entered October 2, 1975, which dismissed the summary proceeding to evict tenants-respondents without prejudice to petitioner's right to offer to the respondents a renewal lease upon the same terms and conditions as the expiring lease, in accordance with the provisions of the Rent Stabilization Law, unanimously affirmed, without costs and without disbursements. Section 60

of the Rent Stabilization Law provides that any renewal lease offered must be on the same terms and conditions as the expiring lease. These tenants in the apartment complex known as Kips Bay contended that the renewal lease they were offered did not have the same terms and conditions. The court at the Individual Calendar Part found that, while many of the provisions were the same, there were a number of differences. One difference was a provision in the earlier lease that "Landlord shall not unreasonably withhold its consent for tenant to sublet apt." The landlord contends that it is for the Conciliation and Appeals Board (CAB) of the Rent Stabilization Association (see *8200 Realty Corp. v Lindsay,* 27 NY2d 124), to decide in the first instance whether the leases are similar (see *520 East 81st St. Assoc. v Lenox Hill Hosp.,* 38 NY2d 525), and further, that there is no substantial difference in the leases. However, this action was commenced by the landlord in a hold-over proceeding when the tenants refused to execute the renewal lease, and the landlord having chosen the forum should not then argue to the contrary as to jurisdiction. Further, in order to arrive at the conclusion that the leases are substantially similar, one must invoke statutory and case law, e.g., section 226-b of the Real Property Law "Right to sublease". As the court at the Individual Calendar Part indicated, it should not be necessary for a tenant to do a microscopic analysis of the new lease, together with a study of the law of landlord and tenant (which counsel for the landlord has done and well), in order to determine whether the terms and conditions offered are similar to the expiring one. Concur—Kupferman, J. P., Lupiano, Birns, Nunez and Lynch, JJ.