OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by plaintiff, personally served simultaneously with the summons and complaint, in this action seeking specific performance and/or a declaratory judgment, a permanent injunction and counsel fees, also seeks a preliminary mandatory injunction directing defendants to consent in writing to an assignment of lease and a preliminary prohibitory injunction restraining defendants from interfering with such, assignment. Defendants cross-move to dismiss the complaint for failure to state a cause of action.
Toward the end of the term of his renewal lease for the subject residential premises plaintiff, an attorney, entered into an assignment and assumption agreement with one Berke assigning said lease. A second agreement included the sale of certain personalty. The assignment agreement was made subject to its acceptance by the defendant landlord Berkeley Associates. At or about the same time plaintiff made arrangements to purchase another apartment. The subject lease provides that the tenant shall not assign the same without the prior written consent of the landlord which consent shall not be unreasonably withheld.
Plaintiff in a letter to the defendant agent Greenthal requested that the landlord’s written consent to the proposed assignment be obtained. That letter enclosed a form evidently prepared by the proposed assignee in connection with an application for some type of financing which reveals considerable personal and financial information. A telephone conversation ensued, the nature of which is disputed, in an unsuccessful attempt to resolve the differences between the parties. A few days later defendants’ counsel responded in writing to plaintiff’s letter. That letter provides, in part: “Before my client can respond to your requested assignment, Mr. Berke would first have to *335 complete and execute the appropriate application form and authorizations for release of credit information *** In accordance with the applicable statutory provisions, within thirty days after the submission of such documentation, my client’s response to you will be forthcoming”. The letter then sets forth in detail six reasons hereinafter discussed why there was an “inclination” on the part of the defendants at that time not to approve the assignment. A few days later this action was commenced.
The first question posed is what standard is applicable to the motion in chief. Upon initially perusing the papers submitted the court was prepared to apply the three-pronged test applicable to preliminary injunctions in general — likelihood of ultimate success on the merits, irreparable harm and a balancing of the equities — additionally recognizing that with respect to the mandatory nature of the relief sought, the courts exercise even greater caution before granting such relief. (Pizer v Trade Union Serv., 276 App Div 1071; Powlowski v Wullich, 81 Misc 2d 895.) Indeed, the parties themselves address the three essential elements above stated in the papers submitted.
Close scrutiny, however, of the cases relied upon by the parties cast considerable doubt that these legal principles applicable to preliminary injunctions in general are applicable at bar. In the leading case in this area recently decided by the Appellate Division, First Department, Conrad v Third Sutton Realty Co. (81 AD2d 50), upholding the right of the tenant to compel the landlord to accept a proposed sublessee where the landlord had failed to give a reason for its denial of the request to sublet, the court observed (at p 52): “Plaintiff served a summons and complaint, seeking a declaration of the rights of the individual parties. Alternatively, plaintiff sought to compel the landlord to permit her to sublet the subject apartment pursuant to section 226-b of the Real Property Law. Contemporaneously, with the service of the summons and complaint, plaintiff served an order to show cause seeking the same relief, and it is from that order and judgment resulting therefrom that the defendant now appeals”. The opinion contains not a single reference to the principles generally applicable to injunctive relief. In the cases that have been *336 decided since Conrad where the issue has been raised in the same procedural context, one court makes no reference to injunctive principles at all (Foltin v 2 Horatio, Inc., NYLJ, July 29, 1981, p 6, col 6) and another makes reference thereto but fails to discuss the same and indicates the “threshold” issue before it is the reasonableness of a reason asserted by the landlord for nonconsent (Meredith v 985 Fifth Ave., NYLJ, July 31, 1981, p 4, col 5).
On the basis of the foregoing, particularly Conrad (supra), the court must conclude that its approach to the motion in chief is akin to that taken on a motion for summary judgment — that is, granting plaintiff relief if he is entitled thereto as a matter of law and, if an issue of fact is presented, either denying the motion outright or, perhaps, directing an immediate hearing on the fact question.
Turning to the merits of both the motion in chief and the cross motion, plaintiff argues that he has both a contractual as well as statutory (Real Property Law, § 226-b) right to assign the lease and that the defendants have unreasonably withheld consent. Defendants contend, with respect to section 226-b of the Real Property Law, that plaintiff has failed to comply with the procedural requirements thereof and thus to the extent this action is predicáted thereon it is premature. Further, it is argued that the statute does not give plaintiff the right to compel the landlord to accept the assignee. Finally, defendants contend, assuming arguendo plaintiff’s compliance with the statute and that it affords him the right to the relief sought, the refusal to consent to the assignment was reasonable. As to the lease provisions it is argued that they too do not afford plaintiff the right to the relief sought.
Defendants correctly observe that under subdivision 2 of section 226-b of the Real Property Law the landlord has the right to request additional information from the tenant. There can be no dispute that a request was made for completed application and authorization forms which was not complied with. The court, however, agrees with plaintiff that a comparison of defendant Greenthal’s application form with the financial form of the proposed assignee supplied indicates that the latter contains the information called for by the former and therefore in fact there *337 was no real request for additional information. Moreover, the tenor of the letter when read as a whole is such that any reasonable person would interpret same as a rejection of the proposed assignment even before the requested form was to be provided. The court therefore finds that plaintiff did not comply with the procedural requirements of the statute.
Defendants’ argument that plaintiff has no right under the statute to compel the landlord to accept the proposed assignee is essentially one which advances the twofold position that the statute and the principles enunciated in Conrad v Third Sutton Realty Co. (81 AD2d 50, supra) are inapplicable to an assignment, as opposed to a subletting, and are inapplicable since defendants did offer reasons for the refusal to consent. The first half of the position is clearly without legal basis. Not only does the statute by its express language cover assignments but two post -Conrad decisions have recognized the applicability of both the statute and the holding in Conrad to the assignment situation. (Equity Props. Corp. v Bonhomme, 109 Misc 2d 760; Meredith v 985 Fifth Ave., supra.) Defendants’ reliance on a pre-Conrad case, Grayshaw v New Amsterdam Apts. Co. (106 Misc 2d 936) is misplaced as it has been effectively overruled by Conrad. As to the latter half of defendants’ position, this court sees no difference between the availability of the remedy to the tenant of compelling acceptance of an assignee or subtenant where the landlord offers no reason for objecting to the assignment or subletting or where it offers a reason which is ultimately determined to be unreasonable. (Foltin v 2 Horatio, Inc., supra; Meredith v 985 Fifth Ave., supra.)
Before turning to the question of the reasons advanced for withholding consent, the court addresses itself to the question of the. enforceability of the lease provisions. Defendants rely on two cases decided over 40 years ago for the proposition that the qualification of the tenant’s covenant not to assign or sublet without consent by the use of the phrase “which consent shall not be unreasonably withheld” is unenforceable. The more modern view is to the contrary particularly where, as at bar, the lease contains an express covenant by the landlord not to unreasonably *338 withhold such consent. (Kruger v Page Mgt. Co., 105 Misc 2d 14, 19-22; American Book Co. v Yeshiva Univ. Dev. Foundation, 59 Misc 2d 31; 1 Rasch, New York Landlord and Tenant, Summary Proceedings [2d ed], § 267.) The court thus concludes that in addition to the statute the relief sought by plaintiff is appropriate under the lease provisions.
In its letter to plaintiff responding to the request for consent to the assignment defendants set forth the following reasons for disapproval: (1) the existence of waiting lists for prospective tenants; (2) inability to obtain a vacancy increase; (3) being compelled to offer the assignee a renewal lease; (4) imposition of security problems from turnover of tenancies resulting in a policy of denying requests for consent; (5) the existence of “switch” lists (renting the apartment to an existing tenant in another apartment), and (6) creating a situation whereby transfer of the apartment could take place from one assignee to another ad infinitum. Plaintiff correctly observes that none of the reasons set forth relate to the proposed assignee individually but rather are general objections which would apply to assignments per se. The court agrees with plaintiff’s analysis of the statute as interpreted by Conrad (supra) that to hold any of these to be reasonable would totally undermine the rationale behind the statute for acceptance of such reasons would lead, in effect, to a total negation of the tenant’s right to assign or sublet. Insofar as reason No. 2 is concerned, the court in Conrad has already expressed its position concerning inability to obtain a vacancy increase as a reason to denying a tenant the right to compel acceptance. (Conrad v Third Sutton Realty Co., supra, at pp 55, 57.) Reasons numbered 3, 4 and 6, essentially dealing with control over tenants, have been found unjustified in one case where the court rejected as a valid reason a desire by the landlord not to have apartments pass from hand to hand. (Kruger v Page Mgt. Co., supra, at p 34.) With respect to the existence of waiting or switch lists, defendants cite Meredith v 985 Fifth Ave. (supra) and Emanuel v 306 West 92nd St. Corp. (NYU, July 22, 1981, p 11, col 2) for the proposition that such reasons may be valid. In Emanuel, without citation to any case law what *339 soever, the court found the existence of a waiting list a reasonable explanation for denying consent to a sublet. In view of the statute as interpreted in Conrad such holding is unpersuasive and not followed by this court. In Meredith, where the facts are substantially similar to those at bar, after a lengthy and careful analysis of the statute and the cases, the court directed a reference on the question of whether the waiting list is a valid reason for declining to consent. That court refers to a need to explore how long the list was in existence, when it was used, and to obtain greater particularity with respect to the list, such as to how many people were waiting for the size apartment at issue. This court sees no basis for such reference for even if the facts adduced favored the landlord’s position, as previously indicated, such reason is unacceptable as a matter of law.
The court notes parenthetically that it may be necessary, as advanced by the defendants in exploring the entire problem posed in this case, to draw a distinction between subletting and assigning as the right to the latter is not really germane to the evils sought to be redressed by section 226-b of the Real Property Law, but that is a matter for the Legislature and not this court.
Accordingly, the motion in chief is granted and the cross motion denied.