OPINION OF THE COURT
Norman C. Ryp, J.
Sublease or release? Is landlord’s alleged “waiting list” a reasonable refusal of a sublease under section 226-b of the Real Property Law and a consistent apartment lease in a co-operative conversion building? An issue of conflicting impression under the rule of reason or a “red herring”?
A. ISSUE
Does section 226-b of the Real Property Law, as amended (right to sublease or assign) plus a parallel lease clause, after tenant’s requisite notice of intent to sublet and landlord’s refusal reason (prior “waiting list”) give a residential tenant the right to sublease or landlord the right to release tenant from the lease?
B. PROCEDURAL HISTORY AND PARTIES’ CONTENTIONS
Plaintiff, a residential tenant (tenant) and employee of Wells Fargo International, instituted an action, by an order to show cause, dated December 24, 1981, for a preliminary injunction, under CPLR 6311 and 6313, based upon an underlying action for declaratory judgment, pursuant to CPLR 3001 and 3017 (subd [b]) including a mandatory injunction to enjoin defendant, 309 East 87th Street Co. (landlord) from interfering with the proposed sublet, *668 after declaring its rejection unreasonable and to compel landlord to consent to a proposed nine-month sublease, effective February 1, 1982 to October 31, 1982 to an English solicitor and an attorney who is a partner in a New York law firm (representing tenant herein) and for attorneys’ fees. Tenant’s action is based upon landlord’s alleged unreasonable withholding of consent, under: (a) paragraph 16 of the original lease, dated December 5,1977 (eff Jan. 1, 1978 to Dec. 31, 1980) and later renewed until December 31, 1983, including (Code of the Real Estate Industry Stabilization Association of New York City, Inc. [Real Estate Code], § 61, subd 7) a 90-day co-operative plan notice of cancellation clause as a matter of contract; and (b) as a matter of law, by applicability of and compliance with section 226-b of the Real Property Law and current case law thereunder.
In opposition and in support of its CPLR 3211 cross motion to dismiss, landlord generally denies tenant’s compliance with section 226-b of the Real Property Law by tenant’s equivocal request and tenant’s guarantors’ request for a release from any assignment. Landlord contends its reason for rejection set forth in a letter dated November 12, 1981 to tenant was legitimate and reasonable, namely, there are a number of people who have expressed their need for a one-bedroom apartment and there is no reason why the landlord should show preference for a subtenant or new tenant over our candidates for the apartment. Finally, submits defendant, plaintiff is being married and moving to London with no intention to return to subject apartment, for which, in fact, a lease assignment from and abandonment by tenant and upon a possible consideration from the proposed assignee, not a subtenant, is requested. Thus, defendant submits, if section 226-b of the Real Property Law is applicable, defendant has successfully complied with its requirements, by reasonable withholding of consent herein.
In reply, tenant, by counsel, alleges that the notice to sublet is clear and unequivocal on its face with an assignment alternative “if preferable” to landlord, accompanied by guarantor’s letter of consent; landlord specifically responded to tenant’s “notice of intent to sublet”; in fact *669 landlord seeks a co-operative conversion of subject building and seeks to deprive tenant of her rights thereunder.
Tenant’s action was commenced by orders to show cause together with supporting affidavit, summons and complaint, all dated December 24, 1981, respectively, and respectively served upon defendant on December 28,1981. Thereafter, on January 7, 1982, respectively, issue was joined by service of defendant’s notice of cross motion and affidavit in opposition upon plaintiff.
C. FACTS
The facts are substantially undisputed, as follows. On December 5,1977, tenant and landlord entered into a Real Estate Board of New York, Inc. standard form apartment lease (1973) for a one-bedroom, rent-stabilized apartment 4J, premises No. 307 East 87th Street, New York, New York, which contains over four residential units. Said lease was for a two-year term, effective January 1, 1978 and ending December 31, 1980, at a monthly rental of $365, with one-month security deposit and guaranteed by tenant’s mother, Margaret E. Palmer.
Pertinent paragraph 16 of said lease relevantly provides: “Assignment, Mortgage, etc. * * * 16. Except as permitted by Real Property Law Section 226-b, Tenant, for itself * * * successors and assigns, expressly covenants that it shall not assign * * * nor underlet * * * or permit the demised premises * * * to be used by others without the prior written consent of Landlord such consent shall not be unreasonably withheld in each instance. If this lease be assigned, or if the demised premises * * * be underlet or occupied by anybody other than Tenant, Landlord may, after default by Tenant, collect rent from the assignee, under-tenant or occupant, and apply the net amount collected to the rent herein reserved, but no such assignment, underletting, occupancy or collection shall be deemed a waiver of this covenant, or the acceptance of the assignee, under-tenant or occupant as tenant, or a release of Tenant from the further performance by Tenant of covenants on the part of Tenant herein contained. The consent of Landlord to an assignment or underletting shall not in any wise be construed to relieve Tenant from obtaining the express *670 consent in writing of Landlord to any further assignment or underletting.” Said lease was subsequently renewed for a one-year term ending December 31, 1981.
Thereafter, on December 16 to 17, 1981, tenant and landlord, again, duly executed a two-year renewal, effective January 1, 1982 through December 31, 1983, of said lease at a monthly rental of $457.82, pursuant to the Rent Guidelines Board under the Rent Stabilization Law of 1969, as amended (RSL) (Administrative Code of City of New York, tit YY) and a 90-day co-operative plan cancellation clause under subdivision 7 of section 61 of the Real Estate Code.
Prior thereto, by letter dated October 8 and mailed October 15, 1981, by certified mail, return receipt requested, enclosing tenant’s guarantor’s consent to such subletting, dated October 9, 1981, tenant formally sent landlord a notice to renew and sublet said lease under paragraph 16 thereunder and section 226-b of the Real Property Law. Such proposed sublease was to be effective February 1, 1982 for a period of nine months while tenant marries, lives and works with her prospective banker husband originally in Nairobi, Kenya (later transferred to London, England), with expressed intent to return to subject apartment. The proposed sublessee is one Anthony E. Davis, Esq., an English solicitor, member of the New York Bar and partner.
Thereafter, landlord’s managing agent, A. Eisenger, by certified mail, return receipt requested, refused to consent to tenant’s proposed sublessee, claiming landlord has “a number of people who have expressed their need for a one-bedroom apartment and there is no reason why the-landlord should show preference for Mr. Davis, a sub-tenant or new tenant over our candidates for the apartment. Pursuant to the requirements of law, having given these reasons for denying you the right to sublet the landlord here, offers to release you from the lease.”
Thereafter, on November 24,1981, tenant, in response to landlord’s November 12, 1981 denial letter, rejected landlord’s offer of release from her subject lease. Thereafter, as noted above, on December 16 to 17, 1981 landlord and tenant duly executed a RSL two-year lease, renewal, effec *671 tive January 1,1982 through December 31,1983 including a Real Estate Code (§ 61, subd 7) 90-day co-operative cancellation clause.
D. APPLICABLE STATUTES
1. Section 226-b of the Real Property Law (“Right to sublease or assign”):
“1. A tenant renting a residence in a dwelling having four or more residential units shall have the right to sublease or assign his premises, subject to the written consent of the landlord given in advance of the sublease or assignment. Such consent shall not be unreasonably withheld. If the landlord unreasonably withholds consent for such sublease or assignment, the landlord must release the tenant from the lease upon request of the tenant.
“2. The tenant shall inform the landlord of his intent to sublease or assign by mailing a notice of such intent by registered or certified mail. Such request shall be accompanied by the written consent thereto of any co-tenant or guarantor of such lease and a statement of the name, business and home address of the proposed sublessee or assignee. Within ten days after the mailing of such request, the landlord may ask the sender thereof for additional information as will enable the landlord to determine if rejection of such request shall be unreasonable. Within thirty days after the mailing of the request for consent, or of the additional information reasonably asked for by the landlord, whichever is later, the landlord shall send a notice to the sender thereof of his consent or, if he does not consent, his reasons therefore. Landlord’s failure to send such a notice shall be deemed to be a consent to the proposed subletting or assignment. If the landlord consents, the premises may be sublet or assigned in accordance with the request, but the tenant thereunder, shall nevertheless remain liable for the performance of tenants obligations under said lease.
“3. [This subdivision simply provides that section 226-b of the Real Property Law does not apply to: leases entered into before June 3, 1975, the effective date of the statute; public housing or other residential units with constitutional or statutory admission criteria; or a co-operative’s *672 proprietary lease. All are inapplicable herein.]” (Real Property Law, § 226-b [italics supplied], as added by L 1975, ch 146 [eff June 3, 1975], as amd by L 1975, ch 548 [eff July 29, 1975] and L 1976, ch 198 [eff May 25, 1976], which added all provisions relating to the right to assign residential leases and is applicable herein.)
2. Rent Stabilization Law of 1969, as amended (RSL; Administrative Code, § YY 51-1.0 et seq.) and recently renewed for two years, ending June 30, 1983. (L 1981, ch 383, eff June 30, 1981.) There appear to be no directly applicable RSL provisions including its Real Estate Code promulgated thereunder, except for stipulated Rent Guidelines Board increases therein and section 61 of the Real Estate Code below. An informational bulletin, including a RSL apartment lease rider, effective May 6, 1980, was approved under subdivision d of section YY51-6.0 of the Administrative Code, which is entitled “Subletting” gave landlord the option to consent or release the tenant seeking to sublet but has been overruled by Conrad v Third Sutton Realty Co. (81 AD2d 50).
2(a). Section 61 of the Real Estate Code:
“Section 61. Converting to a Cooperative or Condominium Form of Ownership.
“An owner of a structure containing dwelling units subject to this Code may refuse to renew leases for such dwelling units when
“1. The Attorney General of the State of New York has accepted for filing an offering Plan to convert the building to cooperative or condominium ownership, and
“2. The owner has presented the offering Plan to the tenants in occupancy, and
“3. The owner has filed a copy of the accepted offering Plan with the Department of Housing Preservation and Development, and
“4. The Plan provides
“(a) The Plan will not be declared effective by the Owner (Sponsor) unless and until 35% of the tenants then in occupancy [tenant occupants] have agreed to purchase their dwelling units or the stock entitling them to proprietary leases for their dwelling units with no discriminatory *673 re-purchase agreement or other discriminatory inducement.
“In establishing a base for computing the required. 35%, all residential apartments in the building shall be included, except those that were vacant and not under lease at the time of the presentation of the Plan, and, in computing the 35% requirement the following shall apply * * *
“(v) Purchases by the tenant of record of a subleased apartment will be included; sub-tenants will have no right to purchase unless approved by the tenant of record and only then would purchases by sub-tenants be included; purchases of apartments leased to a Corporation or Partnership will be included if purchased by an individual approved by said Corporation or Partnership.
“(b) A tenant in occupancy at the time of the offering shall have the exclusive right to purchase his apartment or the shares allocated thereto for ninety days after the offering, during which time his apartment shall not be shown to a third party unless he has, in writing, waived his right to purchase * * *
“7. Notwithstanding anything contained herein to the contrary, any renewal or vacancy lease executed after notice to the Department of Housing Preservation and Development that a proposed cooperative or condominium Plan has been submitted to the Attorney General may contain a provision that the lease may be cancelled after 90 days’ notice to the tenant that the Plan has been declared effective. In any lease containing such a provision, upon submission of the Plan of cooperative or condominium ownership to the tenant after acceptance for filing by the Attorney General, no increase in rent may be collected thereafter pursuant to said lease. If the Plan is abandoned then the rent will be at the rate set forth in said lease from the date of abandonment.”
3. Other statutes relating to the right to lease assignment or subletting are:
(a) Section 226 of the Real Property Law (effect of renewal on sublease, L 1909, ch 52, eff Feb. 17, 1909).
(b) Section 5-331 of the General Obligations Law (formerly Real Property Law, § 259-b, certain covenants and *674 restraints and other agreements affecting real property are void as against public policy, L 1963, ch 576, eff Sept. 27, 1964 [which bars discrimination because of race, creed, color, natural origin or ancestry, inter alia, in any lease restriction or assignment]).
(c) Section 236 of the Real Property Law (assignment of lease of deceased tenant, L 1965, ch 156, eff May 11,1965, with parallel text as subject to section 226-b of the Real Property Law except applicable to deceased tenants and estates).
(d) Subdivision 1 of section 5-703 of the General Obligations Law (L 1963, ch 576, eff Sept. 27, 1964) requires a writing signed by the assignor or his lawful agent to assign a lease for a term, exceeding one year, except by operation of law.
E. APPLICABLE LAW
This court, in the first section 226-b of the Real Property Law legislative interpretation (Kruger v Page Mgt. Co., 105 Misc 2d 14, 21-24) analyzed in depth case law history transposed into section 226-b and set forth the standard of reason governing a landlord’s unreasonable withholding of consent to assign or sublet requiring such to be (p 34) “factual and objective based upon the proposed sublessee^)’ financial responsibility, identity or suitability for the particular apartment or building, legality of the proposed use or nature of the occupancy or any other sound real estate business”. While confined to subleases, such, although reserved therein, is applicable to assignments (see 105 Misc 2d, at p 34; American Book Co. v Yeshiva Univ. Dev. Foundation, 59 Misc 2d 31, 33-34 [wherein Greenfield, J., set forth and defined the above criteria]; Feldman v Simon Bros. Mgt. Co., NYLJ, July 9, 1980, p 6, col 6 [Sutton, J.]; see Lessor’s Consent to Subletting, Ann., 54 ALR3d 679-706, 689-693).
Subsequent to Kruger (supra), with the continued and increasingly serious shortage of well-maintained residential apartments at reasonable rents in New York County, including Manhattan’s Upper East Side at East 87th Street and First Avenue (see Report of the NY State Temporary Comm on Rental Housing, March, 1980) of *675 which fact this court takes judicial notice (Hunter v New York, Ontario & Western R. R. Co., 116 NY 615), the right to, or restrict a sublease is a valuable right to both landlord and tenant (Glauberman v University Place Apts., 188 Misc 277, affd 272 App Div 758; Mehlman Mgt. Corp. v Meyers, 51 AD2d 949).
A number of other courts in the First Department agreed with and cited Kruger (supra), with approval, upholding the tenant’s option to sublease or assign, subject to and requiring landlord’s reasonable nonconsent under section 226-b of the Real Property Law. (See Conrad v Third Sutton Realty Co., NYLJ, Oct. 27, 1980, p 12, col 6 [Dontzin, J.].) This interpretation (tenant’s option under section 226-b of the Real Property Law) where there has been a bona fide sublease, has been upheld by the Appellate Division, First Department, in unanimously affirming Conrad v Third Sutton Realty Co. (81 AD2d 50, mot for lv to app den 55 NY2d 601), and reversing Pacer Realty Assoc. v Lasky (82 AD2d 781) and Lexann Realty Co. v Deitchman (83 AD2d 540) and both agreeing with Justice Asch’s dissenting cogent analyses and requiring landlord’s “valid reason” to reject such a sublease. Conrad has been most recently followed in Claridge Gardens v Osorio (NYLJ, Dec. 23, 1981, p 7, col 1 [Appellate Term, 1st Dept]); Bragar v Berkeley Assoc. Co.( 111 Misc 2d 333); and last applied in Kazarinov v Kaye Assoc. (111 Misc 2d 944 [Lehner, J.]) and in Jacobson v 235 East 87th St. Assoc. (NYLJ, Feb. 3, 1982, p 6, col 2).
This court, finally, notes that upon a CPLR 6311 motion for a preliminary injunction, movant must show a clear right to such relief by demonstrating: (1) reasonable likelihood of success upon the merits; (2) irreparable injury absent such relief; and (3) the balance of the equities lies in movant’s favor. (See Gulf & Western Corp. v New York Times Co., 81 AD2d 772; Chrysler Corp. v Fedders Corp., 63 AD2d 567; Albini v Solork Assoc., 37 AD2d 835.)
This court’s research indicates only three cases, after Conrad v Third Sutton Realty Co. (supra) where the landlord claimed a prior “waiting list” (or similar label) as grounds for rejection of a tenant’s request or intent to sublet or assign under section 226-b of the Real Property *676 Law. While all were decided by noted (and at least two distinguished) Justices of this very court, reasonable Justices can and did differ upon this continuing section 226-b of the Real Property Law judicial serial in the absence of legislative clarity.
Chronologically, Justice Irving Kirschenbaum, in Emanuel v 306 West 92nd St. Corp. (NYLJ, July 22, 1981, p 11, col 2) denied tenant’s motion for a preliminary injunction in an underlying action for specific performance where landlord claimed “a long list of prospective tenants looking for such an apartment” to justify refusal to a sublet under section 226-b of the Real Property Law.
Next, this court, in Meredith v 985 Fifth Ave. (NYLJ, July 31, 1981, p 4, col 5) referred tenant’s (an original assignee) motion for a preliminary mandatory injunction, in a declaratory judgment action with permanent mandatory injunctive relief to compel consent to a second lease assignment by landlord, who claimed a “lengthy waiting list for apartments in the building” and specified its nominee to a reference to hear and report, with recommendations and answers to various specified questions. That case was subsequently settled.
Finally, Justice Arthur E. Blyn, in Bragar v Berkeley Assoc. Co. (111 Misc 2d 333) granted tenant’s motion for a preliminary mandatory injunction, in an action for specific performance and/or declaratory judgment, with permanent mandatory injunctive relief, directing consent to a lease assignment by landlord, who, among other reasons claimed the existence of waiting and “switch” lists for prospective tenants. Justice Blyn cited and disagreed with this court in Meredith {supra), seeing “no basis for such reference for even if the facts adduced favored the landlord’s position, as previously indicated, such reason is unacceptable as a matter of law” (Bragar v Berkeley Assoc. Co., supra, p 339, which Justice Blyn, again, most recently followed in Jacobson v 235 East 87th St. Assoc., supra).
F. court’s interpretation and findings
It is for this court now to apply section 226-b of the Real Property Law, common law and case law thereunder to subject facts within the context of tenant’s motion, under *677 CPLR 6311, for a preliminary injunction, targeted to an underlying action for declaratory judgment, under CPLR 3001 and 3017 (subd [b]) seeking mandatory permanent injunctive relief to compel landlord’s consent to a sublet of tenant’s lease in subject building.
It appears uncontroverted that both tenant and landlord, through its managing agent, at least procedurally, complied, although informally, with section 226-b of the Real Property Law by tenant’s mailing a notice of intent or request to sublet, furnishing name, home and business address of the proposed sublessee and landlord’s responding with an apparent reason of nonconsent (i.e., landlord’s other candidates or waiting list).
The fulcrum issue presented to this court is whether, under the parties’ lease, applicable statute and the facts and circumstances set forth in the motion papers, landlord’s withholding of consent based upon an alleged prior “waiting list” is unreasonable (Real Property Law, § 226-b) or a “valid reason”. (Conrad v Third Sutton Realty Co., supra.) As noted above, under the 1981-1982 tight residential housing market, the right to or bar á sublease is a valuable one. (Glauberman v University Place Apts., supra; Mehlman Mgt. Corp. v Meyers, supra.) Such is especially valuable in this case, since tenant claims and landlord does not deny, landlord has circulated to tenants in this building a redbook, or “red herring”, co-operative offering which presumably includes a lucrative “insider” or exclusive purchase rights of subject prospective co-operative apartment, under the RSL, its Real Estate Code (§ 61, subd 4, pars [b], [c]) and section 352-eeee of the General Business Law (L 1979, ch 432 [eff July 5, 1979], as amd by L 1980, chs 754, 755, 756 [eff June 30, 1980]).
This court finds this case factually and legally distinguishable from Meredith v 985 Fifth Ave. (supra). In Meredith, the landlord claimed an established prior “lengthy waiting list” and over two-year commitment for the first three-bedroom apartment available to a named, identified and investigated candidate. In this case, landlord generally refers to “a number of people who have expressed their need for a one bedroom apartment.” In addition, Meredith involved a permanent assignment, rather than a tempo *678 rary sublet herein with a transfer of a leasehold and rent-stabilized tenancy in a rental, rather than a prospective cooperative building herein. While section 226-b of the Real Property Law makes no distinction between an assignment and sublet, although the court, in Bragar v Berkeley Assoc. Co. (111 Misc 2d 333, 339, supra) noted same for possible legislative redress, the permanent consequences of an assignment, as distinct from the temporary consequences of a sublet, is a factor for the court to consider whether to determine this motion summarily or by reference. The court notes that the prospective nominee, an English solicitor and partner in a New York law firm has equal or greater financial responsibility than tenant.
This court further considers the fact, although minimized by the parties, that the real object of contention may not be a valuable rental leasehold but the possession, purchase and prospective sale of an even more valuable one-bedroom co-operative apartment in the Upper East Side of Manhattan, which this tenant of four years in good standing, would be entitled to purchase at an “insider’s price”. It further appears to this court that the trigger for tenant’s section 226-b relief request herein is her pending marriage which, as a matter of public policy, should commence, at least, with a fiscal blessing and not, contrary to past Federal income tax, cause an economic penalty. Finally, tenant alleges, although landlord disputes, she intends to return with her marital partner, to the leasehold.
After careful consideration and review of all papers, pleadings, section 226-b of the Real Property Law, its parallel clause in above-cited paragraph 16 of subject lease, all relevant and material facts and circumstances submitted herein this court finds and declares:
1. Tenant herein has duly complied with the requirements of section 226-b of the Real Property Law, by mailing on October 15,1981 by certified mail, a notice of intent of sublease, dated October 8,1981, including a guarantor’s consent, dated October 9, 1981.
2. Landlord’s response, dated November 12,1981, that “a number of people who have expressed their need for a one-bedroom apartment and there is no reason why the landlord should show preference for Mr. Davis, a sub-tenant or *679 new tenant over our candidates for the apartment” was an unreasonable withholding of consent, under section 226-b of the Real Property Law.
3. Landlord’s said response, dated November 12, 1981, shall be deemed, as a matter of law under section 226-b of the Real Property Law a consent to tenant’s request for a nine months’ sublease, effective February 1, 1982 to the proposed sublessee only, subject to tenant’s timely compliance with all other terms, covenants and conditions of subject lease, dated December 7, 1977 as last renewed December 16 to 17, 1981, by and between landlord and tenant including its Real Estate Code (§ 61, subd 7) 90-day co-operative plan cancellation clause and paragraph 4 below.
4. (a) Simultaneously with the settlement of the order and declaratory judgment herein, tenant shall duly deliver to landlord a true or photocopy of the duly executed sublease from tenant to the proposed, sublessee, Anthony E. Davis, Esq., at a rent not to exceed the rent required to be paid, under tenant’s latest renewal lease, dated December 16 to 17, 1981, subject to RSL adjustment and provisions, for a term ending October 31, 1982.
(b) Within 10 days thereafter, landlord shall return its consent thereof or shall be deemed to have so consented, as a matter of law, under section 226-b of the Real Property Law.
(c) Tenant and her guarantor shall remain liable for the performance of all terms, covenants and conditions of subject lease, originally dated December 5, 1977 and as last renewed on December 16 or 17, 1981.
5. All other parties’ claims are dismissed, with prejudice. G. CONCLUSION
Accordingly, for the foregoing reasons, tenant is granted declaratory judgment to the extent and upon the conditions set forth herein above, and landlord’s CPLR 3211 cross motion to dismiss tenant’s action is denied.