OPINION OF THE COURT
Norman C. Ryp, J.
A. ISSUES
Viable sublease or vitiable lease? Does tenant’s actual subletting, after requisite notice of intent to sublet, but prior to landlord’s request for additional information and tenant’s response thereto, under section 226-b of the Real Property Law give a residential tenant the right to sublease or landlord the right to evict tenant, after service of notices to cure and termination, for violation, by illegal sublet, of a substantial obligation of tenancy? Are landlord’s service of such notices to cure and termination or a pending co-operative conversion reasonable refusal under section 226-b of the Real Property Law? These appear issues of first impression.
Plaintiffs, respective tenant and subtenants, move by order to show cause, dated March 22, 1982, pursuant to CPLR 6301 and 6311 for a preliminary injunction, pendente lite, restraining defendant, Brabert Realty Co. (landlord) from withholding consent from plaintiff, Roberto *817 Medina (tenant) to sublet his rent-stabilized apartment (apt 2C, 201 East 25th Street, NY, NY — subject apartment) to plaintiffs, Shya Kane and Beth Handel (subtenants) under section 226-b of the Real Property Law. In addition, plaintiffs seek a declaratory judgment, under CPLR 3001, that landlord unreasonably withheld consent and deemed to have consented, or, directing landlord’s consent, under subdivision 2 of section 226-b of the Real Property Law, to such sublet and recognizing tenant as still tenant of record under any effective co-operative conversion offering plan.
Landlord opposes plaintiffs’ above-requested relief and further cross-moves, by notice of cross motion, dated March 31,1982, pursuant to CPLR 3211 (subd [a], pars 4, 7) for an order dismissing the complaint upon the grounds there is another action pending (Civ Ct, NY County, Housing Part 49, holdover summary proceeding, Landlord & Tenant No. 27678/1982 — “holdover summary proceeding”) and for failure to state a cause of action.
B. parties’ contentions
In support, plaintiffs submit, through tenant and his counsel, that they duly and timely complied with the requirements of section 226-b of the Real Property Law, both by tenants: September 22,1981 (ordinary mail letter) sublet request and October 21, 1981 (certified mail return receipt requested) sublet request. Furthermore, plaintiffs’ action and motions are based upon landlord’s unreasonable refusal (i.e., co-operative conversion process) to tenant’s September 22, 1981 sublet request and untimely (beyond 10 days) November 3, 1981 request for additional information to its October 21,1981 sublet request, both contrary to subdivision 2 of section 226-b of the Real Property Law so as to be deemed landlord’s consent thereunder. Finally, plaintiffs contend that tenant’s requirement to pay double rent, once for subject apartment and secondly in Philadelphia, Pennsylvania — tenant’s relocation — during the sublet to preserve his section 61 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. exclusive rights, including an “insiders” price to tenants of tenants of record, is inequitable.
*818 In opposition and in support of its CPLR 3211 (subd [a], pars 4, 7) cross motion to dismiss, based upon another action pending and for legal insufficiency, landlord cites the: pendency of its RPAPL 711 (subd 1) holdover summary proceeding in Civil Court, New York County, Housing Part 49; failure of tenant’s September 22,1981 letter to comply with subdivision 2 of section 226-b of the Real Property Law sent by ordinary instead of certified or registered mail, omission of proposed subtenants’ business and home address to which landlord responded and reasonably rejected; tenant’s bad faith proposal to remain in subject apartment with proposed subtenants, to which landlord likewise rejected; premature proposed subtenants’ October 24, 1981 possession prior to receipt of tenant’s October 21, 1981 section 226-b sublet request to which landlord timely, within 10 days, requested additional information on November 3, 1981; thus, defendant validly thereafter served tenant with notices to cure and termination, which was not barred by the Civil Court temporary restraining order dated November 2, 1981, of Judge Richard Lee Price, and whose November 23, 1981 notice to cure deadline expired prior to subject order to show cause herein barring injunctive relief under the doctrine of First Nat. Stores v Yellowstone Shopping Center (21 NY2d 630).
In reply (opposition) to the cross motion, plaintiffs submit that: the fulcrum issue is whether co-operative conversion is a reasonable refusal under section 226-b of the Real Property Law; tenant’s September 22, 1981 request was a valid section 226-b sublet request to which landlord did not technically object nor request additional information and responded with an unreasonable refusal, i.e., co-operative conversion; on October 2, 1981, tenant’s attorney tried, in good faith, to resolve the matter amicably by an alternative arrangement, tenant to continue to pay rent and remain in subject apartment with the proposed subtenants which, on October 6, 1981, landlord’s managing agent rejected, supplemented by an October 15, 1981 unsuccessful personal meeting with landlord reiterating its sublet refusal based upon its pending co-operative conversion; tenant’s attorneys’ formal October 21, 1981 section 226-b request reflected tenant’s intent to consummate the sublet, *819 which was effected on October 24,1981, more than 30 days after tenant’s original September 22, 1981 request; upon being advised of landlord’s “prospective locks” change to subject apartment on November 2,1981 plaintiffs obtained from Judge Richard Lee Price, Presiding Judge in the Civil Court, New York County, Housing Part 49 (Landlord & Tenant No. 102814/1981), ancillary to its then pending action, by order to show cause for identical relief as subject motion, a temporary restraining order, served and effective November 4, 1981, pending hearing and final determination of this motion and an entry of an order thereon “of all proceedings on the part of the landlord * * * be stayed” to which landlord cross-moved on November 25, 1981 to dismiss, under CPLR 3211 (subd [a], par 2) for lack of subject matter jurisdiction, which Judge Kristin Booth Glen granted on February 18, 1982 but in the interim, landlord served its notices to cure (Nov. 10, 1981) and terminate (Dec. 2, 1981) and commenced (Feb. 2, 1982) its holdover summary proceeding.
C. FACTS AND PROCEDURAL HISTORY
The facts, substantially undisputed, and extracted from the various submissions, are as follows: on or about June 30, 1980, tenant and landlord entered into a Real Estate Industry Stabilization Association of New York City, Inc., standard form of apartment lease (1978) for rent-stabilized subject apartment in the Peter James House, which contains over four residential units. Said lease was for a three-year term, effective July 1,1980 and ending June 30,1983, at a monthly rental of $500.25. Pertinent paragraph 18 (A) of said lease relevantly reads: “18. (A) Assignment, Subletting, Abandonment — Except as provided by section 226-b of the Real Property Law of New York, the tenant shall not * * * sublet the Apartment, or permit the Apartment or any part thereof to be used by any one other than tenant or members of the immediate family of tenant without the prior written consent of owner”.
Thereafter, on or about September 22, 1981 plaintiff tenant, sent a letter, by Ordinary mail, to landlord of notice of his intent to sublet and requesting that defendant give its consent to a proposed sublet to subtenants, both nonresidents and affiliated with Werner Ehrard and Associates, *820 later under section 226-b of the Real Property Law. While defendant’s managing agent (Forsan Management, Inc.) claimed that said letter did not meet the section 226-b technical requisites, it still responded, on September 24, 1981, by stating that no consent to subletting of subject apartment would be given during the pending co-operative conversion process. On October 2, 1981 it appears that plaintiffs proposed an alternative arrangement whereby tenant would remain in the apartment with the subtenants, which was similarly rejected by defendant on October 6, 1981.
Thereafter, on October 21,1981, by certified mail, return receipt requested, plaintiff, by counsel, sent a formal section 226-b notice of intent to sublet, including a personal guarantee, dated October 21, 198T and received October 23, 1981.
Prior to response thereto, plaintiffs’ proposed subtenants Kane and Beth Handel went into possession of the premises on or about October 24, 1981.
Thereafter, on November 3, 1981, landlord’s managing agent hand delivered a letter request for eight items of additional information under section 226-b of the Real Property Law. To this, plaintiffs, by counsel, responded on November 5, 1981, by certified mail, return receipt requested, including specification of the sublease term of one year and eight months (eff Nov. 1, 1981 to June 30, 1983), their business association, prior residences and owners thereof.
The next day, on November 4, 1981, tenant commenced an action in the Civil Court, New York County, Housing Part 49 (Landlord & Tenant No. 102814/1981) by order to show cause of Judge Richard Lee Price, dated November 2, 1981, including the above-cited temporary restraining order, pending determination and entry of an order thereon, returnable November 9 and adjourned to November 25, 1981. Such sought the identical relief in subject order to show cause herein, for injunctive relief and declaratory judgment. Subsequently, on or about November 10, 1981, pursuant to the terms of tenant’s above lease which expires June 30, 1983, landlord served tenant with a 10-day notice to cure the alleged lease violation (i.e., illegal *821 sublet) by November 23,1981. Thereafter, with the time to cure expired, defendant served a notice of termination, dated December 2, 1981, effective December 16, 1981.
Thereupon on November 25, 1981 (the adjourned date of plaintiffs’ proceeding), landlord moved, in the Civil Court, New York County, Housing Part 49, to dismiss plaintiffs’ action for mandatory injunctive relief, under CPLR 3211 (subd [a], par 2), which was later granted for lack of subject matter jurisdiction. (Decision & order, Judge Kristin Booth Glen, Feb. 18, 1982.)
In the interim, on or about February 9, 1982, landlord commenced the pending holdover summary proceedings in the Civil Court, New York County, Housing Part 49, based upon its above-noted notices to cure and termination for alleged violation of a substantial obligation of tenancy owing to an alleged illegal sublet among defendants.
Thereafter, on February 19, 1982, tenant moved to dismiss landlord’s subject holdover summary proceeding (Landlord & Tenant No. 27678/1982) and consolidate same with tenant’s purportedly pending action (Landlord & Tenant No. 102814/1981) for the identical equitable relief herein in the Civil Court, New York County, Housing Part 49, which was denied, as moot, by decision and order of Judge Kristin Booth Glen, dated March 17,1982 in view of her February 18, 1982 decision.
Thereupon, plaintiffs moved, by subject order to show cause, dated March 22,1982, with a temporary restraining order pending hearing returnable March 29, and adjourned to April 5,1982, for the within CPLR 6301, 6311 and 3001 motion for a temporary injunction and declaratory judgment and landlord cross-moved to dismiss, under CPLR 3211 (subd [a], pars 4, 7), by notice of cross motion, dated March 31,1982, returnable April 5,1982 before this court.
D. APPLICABLE LAW AND FINDINGS
For a statutory analysis and legislative intent of section 226-b of the Real Property Law and a (July 25,1980-Feb. 3, 1982) update, see this court’s opinions in Kruger v Page Mgt. Co. (105 Misc 2d 14) and Palmer v 309 East 87th St. Co. (112 Misc 2d 667) and the authorities cited therein.
*822 This court notes that upon a CPLR 6301 and 6311 motion, movant must show a clear right to such relief by demonstrating: (1) reasonable likelihood of success upon the merits; (2) irreparable injury absent such relief; and (3) the balance of equities lies in movant’s favor. (See Gulf & Western Corp. v New York Times Co., 81 AD2d 772; Chrysler Corp. v Fedders Corp., 63 AD2d 567; Albini v Solork Assoc., 37 AD2d 835.)
1. Reasonable Likelihood of Success Upon Merits.
Where tenant jumps the procedural section 226-b gun, by premature sublet, without affording landlord the requisite statutory (Real Property Law, § 226-b, subd 2) opportunity of additional information, within 10 days, and a reasonable refusal within 30 days, tenant may not invoke section 226-b of the Real Property Law to sustain an unauthorized sublet and tenant may be at an eviction peril of a holdover summary proceeding for violation of a substantial violation of tenancy. (See Claridge Gardens v Osorio, NYLJ, Dec. 23, 1981, p 7, col 1; Whitefriars v Rundle, Civ Ct, NY County, Housing Part 49, Landlord & Tenant No. 100285/1981, Wright, J.; Brefries East End v Platt, 112 Misc 2d 568.)
However, if the required tenant’s statutory wait, under subdivision 2 of section 226-b of the Real Property Law, would be futile, for landlord’s ¡^reasonable or nonreasonable refusal, then tenant’s right to sublet may be legally resurrected. (See Brefries East End v Platt, 112 Misc 2d, at p 570.)
Under subject facts, landlord in its September 24, 1981 response to tenant’s September 22, 1981 informal request to sublet, landlord stated no such consent would be given during the co-operative conversion process. This court has previously held that, in view of section 61 (subd 4, par [a], cl [v]) of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (which permits a tenant, but bars subtenant, purchases of co-operative apartment unless approved by the tenant of record) and subdivision 7 of section 61 (which allows a 90-day cancellation clause in any Rent Stabilization Law renewal or vacancy lease after notice to tenant that a co-operative plan is *823 effective, after notice to the Housing and Development Administration that the proposed co-operative plan submitted to the Attorney-General includes same; see Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., 56 NY2d 544), a pending co-operative conversion, per se, is not a reasonable refusal under section 226-b of the Real Property Law since the landlord sponsor is not prejudiced thereby. (See Palmer v 309 East 87th St. Co., 112 Misc 2d, at p 679.)
The court further notes that following tenant’s formal October 21, 1981 section 226-b notice of intent to sublet, landlord’s managing agent November 3, 1981 requested additional information — which followed subtenants’ October 24, 1981 occupancy — to which tenant, by counsel, purported to respond on November 5, 1981. To this landlord did not statutorily respond, under section 226-b of the Real Property Law, by assenting or giving a “valid reason” or rejection of tenant’s sublet request (Conrad v Third Sutton Realty Co., 81 AD2d 50). Landlord’s only response was service of notices to cure and terminate preparatory to commencing landlord’s pending 1982 holdover summary proceeding under RPAPL 711 (subd 1). Such is clearly, especially under subject facts and circumstances, not a valid reason under Conrad v Third Sutton Realty Co. (supra) of sublet rejection under section 226-b of the Real Property Law, since it begs the very issue and would negate its statutory intent.
Thus, tenant has demonstrated a reasonable likelihood of success upon the merits.
Defendant, as noted above, has raised the applicability of First Nat. Stores v Yellowstone Shopping Center (supra) as a bar to injunctive relief since subject order to show cause, including its temporary restraining order, dated March 22 and effective March 23, 1982, long postdate the effective date of defendant’s notice to cure, dated November 10, and effective November 23,1981. Procedurally, this apparently persuasive argument is negated by the prior effective temporary restraining order of Civil Court Judge Richard Lee Price, dated November 2 and effective November 4, 1981, which was “pending the hearing and final determination of this motion and entry of an order thereon” (not *824 until Feb. 22, 1982), the Civil Court filing date of the decision of Judge Kristin Booth Glen dated February 18, 1982 “let all proceedings on the part of landlord, or its attorneys and agents denying access to said apartment * * * be stayed”. (Emphasis added.) A fair and clear reading and interpretation of said temporary restraining order, effective November 4, 1981 stayed service of landlord’s service of its subsequent November 10, 1981 notice to cure a condition precedent to landlord’s commencement of its holdover summary proceedings on February 9,1982 (Landlord & Tenant No. 27678/1982).
Substantively, it logically follows, as noted above, if tenant has no violation of substantial obligation (i.e., sublet is legal) to cure, the landlord-tenant relation has not been validly terminated, and tenant is still legally eligible for injunctive relief.
2. Irreparable Injury.
This court takes judicial notice of the fact of Hunter v New York Ontario & Western R. R. Co. (116 NY 615) the continuing and increasingly serious shortage of well-maintained residential apartments at reasonable rents in New York County in Manhattan’s Middle East Side (Madison Square — Kips Bay area) at East 25th Street and Third Avenue (see L 1981, ch 383, § 3, eff June 30, 1981; Administrative Code of City of New York, § YY51-8.0; L 1981, ch 805, eff July 27, 1981).
In addition, there is the February 15, 1982 decision of Judge Kristin Booth Glen herein, dismissing tenant’s action for identical equitable relief, the Civil Court (NY County, Housing Part 49, Landlord & Tenant No. 102814/1981) for lack of subject matter jurisdiction to entertain the relief requested herein.
So, it is clear that the Civil Court, New York County, Housing Part 49, cannot and will not decide all the issues raised herein. Moreover, equity favors a prompt and expeditious resolution of the disputes which is impossible within landlord’s pending holdover summary proceeding (Lun Far Co. v Aylesbury Assoc., 40 AD2d 794; Cohen v Farber, 65 AD2d 686). Such excludes dismissal, under CPLR 3211 (subd [a], par 4) for another action pending between the *825 same parties for the same cause of action. (See Kent Dev. Co. v Liccione, 45 AD2d 965.)
Thus, there appears irreparable injury herein.
3. Balance of Equities.
The appellate court of this First Department has affirmed and held that the right to, or restriction of, a sublease is a valuable right to both landlord and tenant (Glauberman v University Place Apts., 188 Misc 277, affd 272 App Div 758; Mehlman Mgt. Corp. v Meyers, 51 AD2d 949).
Moreover, as noted above, landlord had or has, under subdivisions 4 and 7 of section 61 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., the right, upon proper notice to the Housing and Development Administration (now New York City’s Department of Housing Preservation and Development) and the New York State Attorney-General to bar co-operative apartment purchases to subtenants and insert a 90-day renewal lease cancellation clause (see Matter of East 56th Plaza v New York City Conciliation & Appeals Bd., 56 NY2d 544, 546, supra). This court considers the fact that the real object of contention is not subtenancy in a valuable rental leasehold but the possession, purchase and prospectively future profitable sale of an even more valuable cooperative apartment in the Middle East Side (Madison Square — Kips Bay section) of Manhattan, which tenant of almost two years in good standing would be entitled to purchase at an “insider’s price”. It is noted that tenant has guaranteed payment of rent under the proposed sublease, reserved the rights to: return to subject apartment premises before the lease termination; and terminate the lease upon 30 days’ prior written notice upon landlord’s issuance of a co-óperative offering plan.
Thus, a balance of the equities favors tenant herein.
4. Findings.
After careful consideration and review of all papers, prior pleadings and proceedings herein, and putting aside the parties’ imprecise procedural performance:
*826 (a) Tenant has duly and substantially complied with the requirements of section 226-b of the Real Property Law, by mailing on September 22, and October 21, 1981, received October 23, 1981 by certified mail, return receipt requested, a notice of intent of sublease, including tenant’s guarantee, dated October 21, 1981 and plaintiffs’ November 5, 1981 response to landlord’s agents, November 3, 1981 one day later request for additional information.
(b) Landlord’s responses, whether dated September 24, 1981 to tenants prior informal sublet request of September 22,1981 (“Since the owner is in the midst of converting the building to cooperative ownership, he does not wish to permit subletting at this time”), or its service of
(c) notices to cure and terminate, dated November 10 and December 2, 1981 were unreasonable withholding of consent under section 226-b of the Real Property Law.
(d) Landlord’s said responses, whether dated September 24 or November 10 and December 2,1981, shall be deemed, as a matter of law under section 226-b of the Real Property Law, a consent to tenant’s request for a one year and eight months’ sublease to the proposed sublessees only, effective November 1, 1981 and terminating June 29, 1983, terminable by tenant upon 30 days’ prior written notice, of a bona fide co-operative offering plan by landlord and subject to:
(1) tenant’s timely compliance with all other terms, covenants and conditions of subject lease effective July 1, 1980 through June 30, 1983 by and between landlord.
(2) The applicable provisions in section 61 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc., whereunder only the tenant of record, Roberto Medina Herein, shall have the initial exclusive right to purchase for the first 90 days, unless waived and approved in writing, by said tenant of record in favor of the proposed subtenants.
(e) (1) Simultaneously with the settlement of the order and declaratory judgment therein, tenant or his counsel shall deliver to landlord or its counsel, a true or photocopy of the duly executed sublease to the proposed subtenants Shya Kane and Beth Handel, and if furnished at a rent not *827 to exceed 10% above the rent required to be paid ($500.25 per month) (see Matter of Krantz v Conciliation & Appeals Bd. of City of N. Y., 86 AD2d 801) subject to Rent Stabilization Law adjustment and provisions, for a term ending June 29, 1983.
(2) Within 10 days thereafter, landlord shall return its consent or shall be deemed to have so consented, as a matter of law, under section 226-b of the Real Property Law.
(3) Tenant shall remain personally liable for the performance of all terms, covenants and conditions of subject lease, effective July 1, 1980 and ending June 30, 1983.
(f) All other parties’ claims are dismissed, with prejudice.
E. CONCLUSION
Accordingly, for the foregoing reasons, tenant and subtenants are granted a preliminary injunction and declaratory judgment under CPLR 6301, 6311 and 3001 to the extent and upon the conditions set forth herein above. Landlord’s CPLR 3211 (subd [a], pars 4, 7) cross motions to dismiss tenant’s action are denied.
Settle order, including provision for reasonable undertaking.