OPINION OF THE COURT
Edward J. Greenfield, J.
Plaintiff moves pursuant to CPLR 3001 for declaratory judgment that a proposed assignment of a lease is reasonable and pursuant to CPLR 6301 for a mandatory injunction compelling the landlord to consent to such assignment.
This case is one of the progeny of the seminal case, Conrad v Third Sutton Realty Co. (81 AD2d 50), in which a plaintiff tenant sought to compel her landlord to consent to a proposed subtenancy under section 226-b of the Real Property Law. In Conrad, the Appellate Division did not discuss the applicable law in terms of the principles usually applied to motions for injunctive relief, but' rather treated the motion as one for summary relief (see, also, Bragar v Berkeley Assoc. Co., 111 Misc 2d 333, 335; Kazarinov v Kaye Assoc., 111 Misc 2d 944, 947). Notwithstanding this authority, this court gave notice to the parties of its *273 intention to treat the motion as one for summary judgment (Rovello v Orofino Realty Co., 40 NY2d 633; see, also, O’Hara v Del Bello, 47 NY2d 363). Plaintiff is the tenant of apartment 31-E at 265 East 66th Street, New York, New York (the premises), pursuant to a lease executed on April 2, 1979. Prior to the expiration of the lease, the parties executed a renewal agreement extending the term for two years until May 31, 1984 at a monthly rental of $2,689.76.
On October 22,1982, plaintiff entered into an agreement with Dr. Maury P. Leibovitz under which plaintiff would assign his lease to Dr. Leibovitz. The agreement further provided that Dr. Leibovitz would purchase plaintiff’s furnishings for the sum of $50,000. The assignment agreement was specifically made subject to the consent of plaintiff’s landlord. On October 26, 1982, a copy of the assignment agreement and personal and financial data concerning Dr. Leibovitz was sent to the landlord.
By letter dated November 3, 1982, the landlord wrote requesting detailed financial information from both plaintiff and Dr. Leibovitz. Included was a five-page typed form requesting more than 30 items of financial information plus numerous requests for other information. After answering the initial background questions, plaintiff merely responded to two financial questions: one showing his income to be in excess of $50,000 per year and the other showing assets in excess of $500,000. Dr. Leibovitz responded to nearly every question in great detail and showed, inter alia, an annual income of $650,000 and a net worth in excess of $10,000,000.
By letter dated December 13,1982, the landlord rejected the request to assign the lease citing three reasons: (1) that plaintiff failed to complete the questionnaire, (2) that plaintiff has no intention of ever returning to the apartment and Dr. Leibovitz has no real need for the apartment, and (3) that “the landlord does not believe it is possible to isolate the value of the furniture from the value of this apartment in excess of its rent stabilized rent.”
Each of these will be discussed seriatim:
First, the failure of plaintiff to fully complete the questionnaire concerning the detail of his finances is not a *274 reasonable basis for withholding consent. Barring nonpayment of rent or other specific defaults under the lease, a landlord is stuck with its tenant through thick and thin. While it is true that even after assignment a “tenant * * * remain[s] liable for the performance of tenant’s obligations under said lease” (Real Property Law, § 226-b, subd 2) where, as here, the proposed assignee shows income and assets more than sufficient to meet the financial obligations under the lease the tenant/assignor need only show a bare minimum of financial information (see Kazarinov v Kaye Assoc., 111 Misc 2d 944, 948-949, supra). This burden was met by plaintiff when he answered questions showing his place of employment, source of and amount of income and total assets.
Second, the fact that plaintiff does not intend to return to the apartment is not sufficient ground for the landlord to withhold its consent. Section 226-b of the Real Property Law specifically authorizes assignments of leases (Bragar v Berkeley Assoc. Co., 111 Misc 2d 333, supra; Palmer v 309 East 87th St. Co., 112 Misc 2d 667). Such is the nature of an assignment. Presumably if plaintiff intended to return he would have asked to sublet the premises. The assertion that the proposed assignee has no need for the apartment is purely speculation and cannot form the basis of a denial of consent.
Finally, the landlord urges that its refusal to consent was reasonable based upon the fact that the sale of plaintiff’s furniture is a ruse. The landlord argues that the assignment of the lease is being used to reap a windfall profit on the sale of the furniture and that such a result was not the intent of the Legislature in enacting section 226-b of the Real Property Law. This court has great latitude to analyze the legislative intent and history when the language of a statute is ambiguous or the facts of a situation falls between the cracks, but this case does not present such a situation (Matter of Empire Mut. Ins. Co. [Barone], 85 AD2d 201). Section 226-b of the Real Property Law specifically applies to both sublets and assignments. Many of the landlord’s arguments concerning the wresting *275 of the power to control an apartment away from the landlord were considered and rejected by the Appellate Division in Conrad (81 AD2d 50, supra).
The argument that the payment of the $50,000 by Dr. Leibovitz is nothing more than a finder’s fee is not supported by the evidence. First, it should be noted that while the landlord has based its refusal on this ground, it took no steps whatsoever to ascertain the facts. As previously mentioned, the landlord asked for very detailed personal and financial information, but made no inquiry whatsoever concerning the bona fides of the sale. Objective evidence submitted on behalf of plaintiff by a furniture and antique dealer, shows that 25 items in the apartment were collectively appraised at a replacement value of approximately $80,000 and the inventory of this five-room apartment (annexed to the assignment agreement) shows 43 items with a value of $78,766.50 (excluding from the inventory the itemization of $7,330 for custom carpentry work which would not properly be a salable item, the inventory estimate of value still exceeds the sale price).
The essence of the landlord’s argument is that if the sale of the furnishings is a sham, the payment of the $50,000 would be imputed to the rent and would thus violate the Rent Stabilization Law. However, this argument is based upon the salé being a sham and the landlord has wholly failed to put forth any evidence that such is the fact. Nor has the landlord sufficiently raised a question of fact requiring a hearing on the issue. The landlord’s argument is based solely on conjecture and surmise.
Moreover, the cases cited by the landlord where the court denied the motion by a tenant to compel the landlord to consent, deal with either sublet apartments (Vance v Century Apts. Assoc., NYLJ, Dec. 1, 1982, p 7, col 1 [McQuillan, J.]) or those where the sublessor was seeking a rental far in excess of the rent under the lease with the landlord (Hearne v Jeffries Avlon, Inc., Supreme Ct, NY County, Index No. 23918, Dec. 17, 1982 [Tyler, J.]). In this case, the rent to be paid by Dr. Leibovitz is exactly the same rent as that paid by plaintiff.
In view of the foregoing, the motion is granted and plaintiff shall have summary judgment under the first *276 cause of action of the complaint for a declaratory judgment. Upon service of a copy of this order with notice of entry, the landlord shall be deemed to have consented to the assignment. The request for punitive damages is dismissed. It has long been the law of this State that punitive damages are not available for a mere breach of contract, for in such a case only a private wrong, as opposed to a public wrong, is involved (Garrity v Lyle Stuart, Inc., 40 NY2d 354, 358).
The second cause of action seeking the payment of plaintiff’s attorney’s fees under section 234 of the Real Property Law has not been addressed by the parties and is severed. Upon proof of service of a copy of this order with notice of entry, the clerk is directed to enter judgment accordingly.