BOOTH, J.
This appeal arises from a claim on a commercial all-risk insurance policy. We affirm the trial court’s ruling in favor of the insured, because the settling that damaged the structures on the insured’s property was not the type of normal settling connoted by the exclusions clause of the policy.
Appellant issued a commercial all-risk insurance policy to Appellee on her rental home. Unbeknownst to either Appellant or Appellee, construction debris was buried in the ground beneath the home. When the debris began to decay, it caused the ground to slowly cave in and, in turn, the structures on the property shifted, sustaining significant damage. Appellee denied coverage, and Appellant sued on the policy.
The trial court ruled in favor of Appellee and awarded damages of $139,533.48. It rejected Appellant’s argument that the claim was barred under an exclusions clause that stated that the policy did not cover damages due to settling, cracking, shrinking or expansion.[1] It further ruled that the exclusion was ambiguous under the facts of the case.[2] While we do not agree with the trial court that the term “settling” was ambiguous, we nonetheless affirm the ruling below, because the trial court properly concluded that the policy *350 did not bar coverage for the damage sustained in this case.
The term “settling” as used in the exclusions clause connotes only normal settling, not the type of subsidence that occurred here. See Barash v. Insurance Co. of North America, 114 Misc.2d 825, 328, 451 N.Y.S.2d 603 (N.Y.Sup.1982) (explaining that, as applied to houses, “settling” connotes a building initially coming to rest after construction, not dramatic breaks years later caused by deterioration of organic matter under the house); Winters v. Charter Oak Fire Insurance Co., 4 F.Supp.2d 1288, 1295 (D.N.M.1998). Therefore, this all-risk policy did not exclude coverage for damage from excessive subsidence due to the decay of buried debris. The fact that the collapse occurred gradually does not bring the damage within the settlement exclusion. We affirm the grant of coverage, as well as the award of damages below.
AFFIRMED.
ALLEN, C.J., concurs; BARFIELD, J., dissents with written opinion.

. Below, Appellant ostensibly defended on both this exclusion and the exclusion for damage due to rust, corrosion, fungus, decay, deterioration, or hidden or latent defect. But at trial, Appellant focused solely on the settling exclusion. Likewise on appeal Appellant concentrates on the settling clause.

. The trial court also held that the exclusion for damage due to, rust, corrosion, fungus, *350 decay, deterioration, or hidden or latent de-feet was ambiguous.