■ 420 EAST ASSOCIATES, Respondent, v PAUL M. KERNER, Appellant, et al., Defendants. — Order and judgment (one paper) of the Supreme Court, New York County, entered August 15, 1980, granting summary judgment to the plaintiff-respondent landlord on the first cause of action for restoration of possession of an apartment in the landlord's building, and order entered on October 3, 1980, denying renewal and reargument, reversed, on the law, and the plaintiff's motion for summary judgment denied, without costs, and the matter remanded. The plaintiff landlord contended that an alleged assignee of an apartment in its building was not entitled to possession. The original tenant wrote to the landlord that she wished to assign her lease as she was moving to California. An application was sent for the intended assignee to complete, and it was returned to the landlord by certified mail on November 10, 1978. On December 5, the tenant assigned the lease. On December 18, the landlord sent a notice denying consent to the proposed assignment and relieved the tenant of all obligations under the lease. The assignee's rent check was returned uncashed. The court at Special Term held, and we agree, that pursuant to section 226-b of the Real Property Law, the failure of the landlord to act within 30 days after the mailing of the request for consent was deemed to be consent. However, it went on to hold that no assignment could be validly made until the landlord had given consent or until the end of the 30-day period during which the landlord might take action on the request to assign. We find no statutory basis for the latter conclusion. The assignment can only be effective upon consent by the landlord or the expiration of the 30 days, but there is no inhibition in the statute against the assignment for whatever validity it may have. We do not pass on any other aspect of this matter. There was no cross motion, and there may be factual issues on other aspects of the situation, which do not involve section 226-b of the Real Property Law. Concur — Kupferman, J.P., Sandler, Bloom and Fein, JJ.

Lupiano, J., dissents in part in a memorandum as follows: I agree with the majority that the order and judgment, entered August 15, 1980, granting summary judgment to the plaintiff landlord on its first cause of action (thereby granting restoration of possession of Apt. 17B to the plaintiff) is improper, and the order entered October 23, 1980, which denied defendant Paul M. Kerner's motion for renewal and reargument, should be reversed. However, I would go further and grant summary judgment to defendant Paul M. Kerner dismissing the first and second causes of action in the complaint and the third cause of action insofar as it seeks recovery for attorney's fees for services rendered in respect of the first two causes of action in the complaint. Plaintiff is the landlord of premises wherein Edith Packer was a tenant (of Apt. 17B) under a written lease agreement which was renewed on January 24, 1978, for a term ending May 31, 1981. Ms.

Packer wrote to the landlord on October 30, 1978, informing that she intended to move to California and wished to assign her lease. An application form was sent back by the landlord for the assignee to fill out, which form was returned to the landlord by certified mail on November 10, 1978. Pursuant to section 226-b of the Real Property Law, the landlord had 30 days after the mailing of such form within which to send notice of its consent, or, if it does not consent, its reasons therefor. Pursuant to the statute, the failure to send such notice of consent or nonconsent is deemed to be a consent to the proposed assignment. Apparently, because of the defendant tenant's imminent departure for California, the defendant Paul M. Kerner, the proposed assignee, and the tenant entered into an assignment of the lease on December 5, 1978. This was during the 30-day period in which the landlord was to inform the tenant and the proposed assignee of its consent or nonconsent to the assignment. As of December 5, 1978, the landlord had not informed the parties of its decision. Clearly, at this time, the assignment was not binding on the landlord, but was binding on the assignee. The assignment was therefore not void, but voidable. The landlord could still ratify or refuse its consent to the assignment. "Very frequently a contract is said to be void when no more is intended than that it is voidable. A void contract is no contract at all; it binds no one and is more a nullity. *** A contract wholly void is void as to everybody whose rights would be affected by it if valid. *** A voidable contract, on the other hand, binds one party but not the other, who may ratify or rescind at pleasure. A voidable contract is valid and binding until it is avoided by the party entitled to avoid it. The defect therein may, however, be cured by ratification by the party at whose instance it might have been avoided" (9 NY Jur, Contracts, § 7). The assignment was received by the landlord on December 7, 1978, still within the 30-day period the landlord had to inform as to its consent or nonconsent. Nevertheless, the landlord waited until the expiration of such 30-day period and some five days to one week after the expiration, sent a notice, dated December 18, 1978, informing as to its nonconsent to the proposed assignment. This inactivity on the landlord's part in failing to act as required by the statute operates by virtue of the statute as a consent to the assignment. Thus, the assignment ceased to be voidable at the landlord's option and became binding on all the parties. It should also be noted that the landlord's notice of nonconsent does not comply with the statutory requirement that the landlord set forth reasons for such nonconsent. Section 226-b of the Real Property Law does not prohibit the entering into of a conditional or voidable assignment by the tenant and the proposed assignee. In opposing plaintiff landlord's motion for summary judgment, defendant Kerner, the proposed assignee, declared: "Mrs. Packer and I had executed [the assignment] on December 5th, because she was travelling and wanted to sign it while she was still in New York with the understanding that it was to become effective only upon consent or deemed consent of landlord. It should be noted that the execution of the Conditional Assignment on December 5, 1978 did not in any way prejudice the rights of the landlord." Further documentary evidence and proof in affidavit form demonstrating the conditional nature of the assignment is set forth in defendant Kerner's motion to renew and reargue. It is reasonable for a tenant and a proposed assignee to enter into a conditional agreement binding each other in the event that the landlord, whose right to the premises will also be affected, consents or fails to object to the assignment within the 30-day period. An assignment designed to become effective after the running of the 30-day waiting period without notification by the landlord of its consent or nonconsent or upon the giving

of consent within that period, is consistent with the rights of all parties and with the desire to prevent the assignor from backing out of the agreement during the 30-day waiting period. As the assignment is binding on all parties, plaintiff's first cause of action seeking to eject defendant and Kerner for alleged wrongful possession, and second cause of action for use and occupation arising by virtue of such alleged wrongful possession, must be dismissed. Further, plaintiff's third cause of action, insofar as it seeks recovery for attorney's fees for services rendered in respect of the first two causes of action, must also be dismissed. A motion for summary judgment searches the record and the court may grant such judgment to a party other than the moving party who is entitled to such judgment without the necessity of a cross motion (CPLR 3212, subd [b]; Siegel, New York Practice, § 282). Plaintiff's fourth cause of action for damages for alleged material alterations of the premises and fifth cause of action for an order directing removal of electrical devices from the premises allegedly installed without the landlord's consent, remain viable. Of course, plaintiff's third cause of action, insofar as it seeks recovery for attorney's fees for services rendered in respect of the fourth and fifth causes of action in the complaint, similarly remains viable. Accordingly, the order of the Supreme Court, New York County, entered October 23, 1980, which denied defendant Kerner's motion to renew and reargue, should be reversed, on the law, the motion should be granted and upon such grant, the prior order and judgment entered August 15, 1980, granting summary judgment to plaintiff landlord on the first cause of action, should be vacated and summary judgment granted to the defendant Kerner dismissing the first and second causes of action in the complaint and so much of the third cause of action as seeks to recover attorney's fees for services rendered in regard to the first two causes of action of the complaint. The appeal from the order and judgment entered August 15, 1980 should be dismissed as academic.