■ LEXANN REALTY CO., Respondent, v BARBARA DEITCHMAN, Appellant, and "JOHN DOE", Respondent. — Judgment, Supreme Court, New York County, Appellate Term (Tierney, Riccobono, JJ.; Asch, J., dissenting), entered April 3, 1980, which affirmed the judgment of the Civil Court, New York City Housing Part (Sparks, J.), awarding petitioner-respondent landlord judgment of possession and a warrant to remove the respondent-appellant tenant from her rent-stabilized apartment in Manhattan, reversed on the law and the petition dismissed, with costs. The tenant entered into a written lease for the rent-stabilized apartment which term was extended and renewed to May 31, 1982. The lease contained a sublet clause prohibiting subletting without the landlord's consent in writing and providing that such consent should not be unreasonably withheld. The tenant at first orally requested permission to sublet, which was refused. Then the tenant in writing, presumably pursuant to the provisions of subdivision 2 of section 226-b of the Real Property Law, requested permission to sublet, giving the necessary details as to the prospective subtenant's financial status and background. The landlord advised the tenant by written notice of the rejection of the proposed subtenant on the ground there were no references and no substantiation of income. The tenant replied in writing that substantiation would be supplied. The landlord never responded. The trial court, although finding that the landlord's consent was unreasonably withheld, granted the judgment of eviction, concluding that the only remedy was for the tenant to be released from obligations under the lease. The Appellate Term affirmed, with a dissent by Judge Asch. As already foretold in the opinion by this court in *Conrad v Third Sutton Realty Co.* (81 AD2d 50), we agree with the dissenting opinion at the Appellate Term and interpret section 226-b to provide that if consent is unreasonably withheld, as here, the landlord is deemed to have granted consent. (See, also, *420 East Assoc. v Kerner,* 81 AD2d 545.) Concur — Kupferman, J.P., Sullivan and Carro, JJ.

Silverman, J., concurs in a memorandum as follows: In this case the lease provided that the landlord's consent to sublet should not be unreasonably withheld. I believe that even in the absence of statute, under such a lease, if the landlord withholds his consent unreasonably, the tenant may sublet.

Section 226-b of the Real Property Law was not intended to take away any rights of the tenant. [107 Misc 2d 74.]