OPINION OF THE COURT
Ira Gammerman, J.
Plaintiff, tenant, moves for an order declaring that she has a right to sublease her apartment, and directing that the defendants, owner and managing agent, consent to the proposed sublease.
Plaintiff occupies apartment 23A at 265 East 66th Street, New York City, pursuant to a lease. Paragraph 18(A) of that lease provides as follows: “Except as provided by §226(b) of the Real Property Law of New York, the Tenant shall not assign the lease, nor sublease the apartment * * * without the prior written consent of the landlord”. In accordance with that provision of the lease, plaintiff wrote to defendants requesting permission to sublet. Defendants’ attorney replied enclosing a questionnaire for both plaintiff and the proposed subtenant. The questionnaire was completed and returned. By letter dated February 7, 1983, from their attorney, defendants refused to consent to the proposed sublease. Thereafter, plaintiff instituted this action and moved by order to show cause for the relief indicated above.
*318 Were it not for the decision of the Appellate Division, on February 24, 1983, in Shapiro v Dwelling Managers (92 AD2d 52), this motion could be easily resolved in favor of the plaintiff. The procedure utilized by plaintiff was that utilized in Conrad v Third Sutton Realty Co. (81 AD2d 50), and the reasons given by the landlord for refusing to consent do not constitute a reasonable basis for the withholding of that consent.
The landlord bases its refusal on prior attempts to sublet, the failure of the plaintiff to adequately complete the questionnaire concerning her finances, and on the fact that the proposed subtenant will be using the apartment as a nonprimary residence. None of these reasons justify the refusal on the part of the landlord to consent. (Bragar v Berkeley Assoc. Co., 111 Misc 2d 333; Kazarinov v Kaye Assoc., 111 Misc 2d 944; Hashemi v Solow Mgt. Corp., 118 Misc 2d 272.) Although Shapiro (supra) has raised certain questions with respect both to the procedural and substantive vitality of Conrad (supra), the court concludes that Conrad still lives.
Defendants, in papers submitted in opposition to the motion, state: “The Appellate Division held in Shapiro v. Dwelling Managers Inc. * * * that a motion for summary judgment cannot be made until after issue has been joined. CPLR 1232(a). At the time this motion was made issue had not been joined. Accordingly, it was improper to grant the motion, thus spoke Justice Silverman with the concurrence of Justices Bloom and Milonas”. Either defendant’s attorney was intentionally trying to mislead the court or had misread Justice Milonas’ concurring opinion. The court prefers to believe the latter. Justice Milonas does not deal with the procedural aspect of Shapiro (supra) but, rather, concludes that the action by the landlord in refusing to consent to the sublease was not unreasonable. Indeed, it can be inferred that Justice Milonas takes no exception to the procedure followed in Shapiro (and Conrad, supra), which is the same procedure followed by plaintiff here.
Only two of the five Justices sitting on the Shapiro panel, Justices Silverman and Bloom, held that the Conrad procedure, that of moving, in essence, for summary judgment in advance of joinder of issue, was improper. *319 Justice Silverman further held that the unreasonable withholding of consent by the landlord does not entitle the tenant to proceed with a sublease but only releases the tenant from his or her obligation under the lease. Inasmuch as Justice Bloom limited his opinion to the procedural aspect of Shapiro (supra) it cannot be determined whether he agrees with Justice Silverman or not. Justices Milonas, Kassal and Sandler obviously disagree with the analysis and holding of Justice Silverman and hold, as did Conrad (supra) and Lexann Realty Co. v Deitchman (83 AD2d 540), that if the landlord unreasonably withholds permission to a proposed sublease, he shall be deemed to have consented to that sublease.
In summary, therefore, two of five Justices sitting in Shapiro (92 AD2d 52, supra) reversed on procedural grounds, with one concluding that the landlord’s actions did not give the tenant the right to sublet. One Justice concluded that, on the facts, the landlord did not act unreasonably in withholding consent, and the remaining two Justices held that the court below acted properly, both procedurally and on the merits. Thus, the holdings in Conrad (81 AD2d 50, supra) and Lexann (supra) continue as authoritative.
This court, therefore, grants plaintiff’s motion, declares that defendants unreasonably withheld permission to sublease, and directs defendants to consent thereto.