■ MARCIA KREITMAN et al., Respondents, v UZI EINY, Doing Business as GAL REALTY, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Smith, J.), entered July 9, 1982 which, *inter alia,* granted plaintiffs summary judgment on their first cause of action, declared that Marcia Kreitman is entitled to assign her lease in the subject apartment to E. Raymond Boc, directed defendant to consent to such assignment, and granted plaintiffs leave to substitute an unnamed third person as coassignee with Boc in place of the original proposed coassignee, modified, on the law, without costs, to provide that plaintiffs may substitute a third person as coassignee with Boc only after compliance with the procedures set forth in section 226-b of the Real Property Law, which procedures shall be initiated within 60 days of entry of this order, and otherwise affirmed. Plaintiff Kreitman, who has since moved to Florida, occupied the subject apartment since 1976 pursuant to written lease. In September, 1981, she notified defendant landlord pursuant to section 226-b of the Real Property Law of her intention to assign her lease to coplaintiff Boc and one Alan Bremer (not a party to this action). After obtaining financial information and references from the proposed assignees, defendant rejected the assignment on various grounds, each of which was held not to be reasonable by Special Term. On appeal, however, the landlord has urged only one ground as a sufficiently reasonable basis for withholding consent to the proposed assignment, to wit: that he wished to rent the apartment to an unspecified person on an existing waiting list of prospective tenants. In the context of the present New York City housing market, where virtually every landlord has a waiting list of prospective tenants, legal recognition of a waiting list as a reasonable ground for withholding consent to an assignment would effectively render meaningless a tenant's right to assign as provided in section 226-b of the Real Property Law. (*Bragar v Berkeley Assoc. Co.,* 111 Misc 2d 333, 338-339; *Palmer v 309 East 87th St. Co.,* 112 Misc 2d 667, 675-679; cf. *Conrad v Third Sutton Realty Co.,* 81 AD2d 50, 57, mot for lv to app den 55 NY2d 601.) We therefore hold such reason to be unacceptable as a matter of law. Defendant argues that the court's granting of plaintiffs' motion for summary judgment before joinder of issue was improper. (CPLR

3212, subd [a].) Under the special circumstances presented, in which a prompt determination is important, the defendant's position on the merits in opposition to plaintiffs' several motions for summary judgment was adequately set forth by affidavits and legal memoranda opposing summary judgment and seeking dismissal of the complaint under CPLR 3211, and where those affidavits and memoranda demonstrated the absence of material issues of fact, we deem it appropriate to address the issues on the merits. (*Kronish, Lieb, Shainswit, Weiner & Hellman v John J. Reynolds, Inc.*, 33 AD2d 366; see *Kazarinov v Kaye Assoc.*, 111 Misc 2d 944.) Because of the delays caused by the convoluted procedural history of this litigation, the details of which are not here relevant, the original coassignee Bremer could no longer wait to occupy the subject apartment, and plaintiffs requested leave to substitute an unnamed third person as coassignee with plaintiff Boc. The landlord objects, with good reason, to that provision of the judgment granting the aforesaid relief. The statute, which gives tenants new and very valuable rights, prescribes in detail the conditions under which those rights may be exercised. Accordingly, that provision of the judgment should be modified to provide that plaintiffs may substitute a third person as coassignee with E. Raymond Boc only after compliance with the procedures set forth in section 226-b of the Real Property Law, which procedures shall be initiated within 60 days of the order to be entered hereon. Concur — Sandler, Sullivan, Carro and Asch, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would deny the plaintiffs' motion for summary judgment and let the matter proceed to trial. The tenant notified the landlord of her intent to assign the lease on her apartment to two individuals. The landlord replied in writing that the prospective assignees were not acceptable giving several reasons not in themselves unreasonable. Thereafter, one of the proposed assignees withdrew, and the other prospective assignee brought in another party as a coassignee who has not as yet submitted any information to the landlord. The determinations in *Conrad v Third Sutton* (81 AD2d 50), and *Lexann Realty Co. v Deitchman* (83 AD2d 540), interpreting section 226-b of the Real Property Law, do not under the circumstances support a determination for summary judgment for the plaintiffs.