OPINION OF THE COURT
Ira Gammerman, J.
Plaintiffs move for an order, in essence, granting summary judgment in their action for declaratory relief. They seek a determination that defendant has unreasonably withheld its consent to an assignment of the lease to apartment No. 22D at 185 East 85th Street, New York City, by plaintiffs Dean and Marjorie Fox to plaintiffs Milton and Marsha Springut. Further, they seek a judgment declaring that plaintiffs Dean and Marjorie Fox have not violated any substantial obligation of their tenancy. Defendant cross-moves for an order dismissing the complaint upon the ground that there is a summary proceeding pending between the parties involving the “same causes of action”.
Dealing initially with the attempted assignment of the lease, defendant bases its refusal to consent to that assignment on alleged insufficiencies in the answers provided in the questionnaire forwarded to the plaintiffs Dean and *332 Marjorie Fox. These objections are for the most part insignificant. The assignee is already a tenant in the same building and the defendant is aware of assignee’s family size and whether or not the assignee has any pets. It appears from the papers that the rental to be paid by the assignee is that provided for under the lease.
The defendant, however, points out that the assignors have no intention of returning to the apartment and that, therefore, the refusal of the defendant to consent to the assignment is not unreasonable. Defendant relies on the most recent decision by the Appellate Division dealing with section 226-b of the Real Property Law, Vance v Century Apts. Assoc. (93 AD2d 701).
In Vance a majority of the Appellate Division upheld the denial of a preliminary injunction which sought to compel consent to a sublease in a matter in which there was a serious question as to whether the tenant legitimately intended to return to the apartment. It was the landlord’s contention that the tenant was merely seeking to retain a connection with the apartment in order to take advantage of a possible co-operative conversion. In effect, the proposed sublease created a landlord-tenant relationship between the tenant and the proposed sublessee. In the words of the Appellate Division, it was not the purpose of section 226-b to “create a new class of landlord”, i.e., a landlord (prime tenant) retaining an interest in the apartment solely for the purpose of purchasing.
A proper understanding of the majority’s decision in Vance, however, requires consideration of an earlier decision of the Appellate Division, First Department, Krietman v Einy (92 AD2d 801). In Krietman, the Appellate Division by a 4 to 1 vote affirmed the granting of summary judgment to plaintiff tenant declaring that she was entitled to assign her lease. The court noted that the plaintiff, after executing the assignment, moved to Florida.
In Krietman, as in any other assignment, no “new class of landlord” is created. Indeed, no landlord-tenant relationship between the assignee and assignor is created at all. The assignor tenant loses all rights to purchase in the event of co-operative conversion. The decision in Vance, *333 therefore, for it to be consistent with Krietman and the clear language of the statute which makes no distinction between sublease and assignment, must be limited to cases in which a tenant, who has no intention of returning to the apartment, is attempting to obtain consent to sublease.
Inasmuch as in every assignment, the tenant assignor gives up all rights to return to the apartment (absent breach by the assignee), the extension of Vance to assignments would effectively nullify that portion of section 226-b referring to assignment. Thus, here, the fact that the Foxes have permanently moved to California is not relevant and cannot be the basis of a refusal by defendant landlord to consent to the assignment.
In regard to the allegation that plaintiffs have violated substantial obligations of their tenancy, plaintiffs Dean and Marjorie Fox maintain, and indeed there appears to be little dispute (based on the affidavits submitted), that the bulk of improvements made in the apartment were completed shortly after the tenants initially moved in and that the lease was renewed by the defendant with full knowledge of those improvements. It appears further that the changes made subsequent to the lease renewal (the installation of an electric power line) were made either by the defendant’s employees or done with their knowledge. There remain, however, factual disputes which preclude the granting of summary judgment to plaintiffs Dean and Marjorie Fox on their cause of action for a judgment declaring that they are not in violation of substantial obligations of their tenancy. Those issues are before the Civil Court in a holdover proceeding instituted by the defendant prior to the commencement of this action and it appears unnecessary to have actions pending in two courts. Although the Civil Court does not have jurisdiction to grant declaratory relief, such relief is not necessary. Final disposition of the proceeding in the Civil Court will determine whether there was a substantial breach by the tenants.
The court, therefore, grants plaintiff’s motion to the extent of declaring that the assignment from plaintiffs Dean and Marjorie Fox to plaintiffs Milton and Marsha Springut is effective as of February 1, 1983, and directs *334 defendant to deliver possession of apartment No. 22D at 185 East 85th Street, New York City, to plaintiffs Milton and Marsha Springut, forthwith. The balance of plaintiffs’ motion is denied.
Defendant’s cross motion is granted to the extent of dismissing the cause of action asserted by plaintiffs seeking a declaration that plaintiffs Dean and Marjorie Fox are not in violation of substantial obligations of their tenancy on condition that defendant, the petitioner in the Civil Court proceeding, consent to the amendment of respondents’ answer in that proceeding to include a counterclaim for attorney’s fees (in the event such counterclaim has not already been asserted).