OPINION OF THE COURT
Harold Baer, Jr., J.
This is a motion for a preliminary injunction and declaratory relief in an action that seeks a declaratory judgment that a proposed sublet of a lease is reasonable, a permanent injunction restraining defendants from interfering with the proposed sublet, and damages.
Plaintiff is a rent-stabilized tenant, occupying under a written lease an apartment for 10 years in a building owned by defendant landlord Bleecker Charles Co. (Bleecker). Plaintiff’s current three-year lease expires on October 31, 1984 subject to cancellation by the owner 90 days after a proposed co-operative conversion plan goes into effect (Code of Rent Stabilization Association of New York City, Inc., § 61, subd 7). Defendant Kenneth Newman is purportedly Bleecker’s managing agent.
In March, 1983 plaintiff sought Bleecker’s permission to sublet his apartment. He was temporarily relocating to *482 California at the behest of his employer. Landlord subsequently requested that tenant and proposed subtenant complete questionnaires. Newly enacted section 226-b of the Real Property Law (L 1983, ch 403, § 37) authorizes a landlord to ask the tenant for additional information as did former section 226-b. The landlord has 30 days from the mailing by tenant of the information in which to send tenant notice of his consent to the sublet or his denial with the reasons therefor. The Legislature augmented this provision by mandating that “[a]ny such request for additional information shall not be unduly burdensome.” (§§ 226-b, 2, subd [c].) This amendment, it is fervently to be hoped, will eradicate the lengthy, confusing questionnaires which have plagued tenants, subtenants and the courts.
In the instant case, the questionnaires were mailed April 8; both the tenant and the proposed subtenant submitted detailed responses to the questionnaires. Bleecker’s objections to the sublease were succinctly set forth in a letter dated May 6, 1983 refusing consent to the sublet, but offering to terminate the lease. The two valid objections: that the proposed sublease provided for its renewal beyond the term of the principal lease, and that it reserved to the plaintiff a right to renew the principal lease if and when the sublease was renewed beyond October 31, 1984, were immediately corrected by a new sublease ending the sublease term before expiration of the principal lease. From the foregoing, it is clear that plaintiff has complied with the time requirements of section 226-b.
In the same legislation that amended section 226-b, the Legislature enacted amendments to the Emergency Tenant Protection Act of 1974 (E.T.P.A, L 1974, ch 576, § 4), which governs rent-stabilized apartments in New York City (L 1983, ch 403, § 57). These amendments are applicable to the instant case since the apartment in question is rent stabilized. The E.T.P.A. has been amended to add a new section 10-a which permits subletting, pursuant to section 226-b of the Real Property Law. This section provides that: “(a) the rental charged to the subtenant does not exceed the legal regulated rent plus a ten percent surcharge payable to the tenant if the unit sublet was furnished with the tenant’s furniture; (b) the tenant can *483 establish that at all times he has maintained the unit as his primary residence and intends to occupy it as such at the expiration of the sublease; (c) an owner may terminate the tenancy of a tenant who sublets or assigns contrary to the terms of this section but no action or proceeding based on the non-primary residence of a tenant may be commenced prior to the expiration date of his lease; (d) where an apartment is sublet the prime tenant shall retain the right to a renewal lease and the rights and status of a tenant in occupancy as they relate to conversion to condominium or cooperative ownership”.
Defendants argue that Miller will not be maintaining his apartment as his primary residence. It is Bleecker’s contention that plaintiff does not intend to move to California for business or return to his apartment. A letter from plaintiff’s employer dated May 12,1983 undeniably establishes that plaintiff is moving to California on business for approximately one year and that plaintiff intends to return to his apartment. There is nothing to the contrary in this record. Section 10-a of the E.T.P.A. in essence codifies the holding in Vance v Century Apts. Assoc. (93 AD2d 701 [landlord’s refusal reasonable when tenant seeking permission to sublet was moving permanently out of New York City]). It is clear the plaintiff has complied with the requirements of section 10-a of the E.T.P.A. and is thus entitled to sublet pursuant to amended section 226-b of the Real Property Law (L 1983, ch 403, § 37). That legislation was effective with the Governor’s signature on June 30, 1983 (as provided in ch 403, § 64) and reads in relevant part: “A tenant renting a residence pursuant to an existing lease in a dwelling having four or more residential units shall have the right to sublease his premises subject to the written consent of the landlord in advance of the subletting. Such consent shall not be unreasonably withheld.” (§ 226-b, subd 2, par [a].)
Section 226-b (subd 2, par [b]) of the amended Real Property Law significantly expands the amount of information a tenant will be required to provide for the landlord in a request to sublease. However, these additional requirements are the only aspects of section 226-b which are not effective immediately. Subdivision 7 states that: “The *484 provisions of this section except for items in paragraph (b) of subdivision two of this section not previously required, shall apply to all actions and proceedings pending on the effective date of this section.”
Thus, to decide the validity of this sublease, we must analyze and determine whether the landlord’s objection to the sublease was “reasonable.” Bleecker’s first of three such objections is that: “[t]he proposed sublease does not provide for any increase in rent to which the landlord may be entitled.” However, the proposed sublease does include a provision that any increases in monthly rental paid by the prime tenant shall be passed along to the sublessee. Thus, if Bleecker is entitled to an increase in the rental rate pursuant to subdivision B of section 21 of the Code of the Rent Stabilization Association of New York City, Inc. (which authorizes an increase in rent for the term of the sublease equal to the percentage allowable for a vacancy lease), such increase will be passed through to the tenant. Additionally, the rental to be charged to the subtenant provides for payment of 5% of the monthly rent for the use of tenant’s furnishings which is within the allowable surcharge under subdivision (a) of section 10-a of the E.T.P.A., as amended.
Secondly, the landlord urges that plaintiff is trying unlawfully to obtain the potential co-operative conversion benefits of his apartment. However, subdivision (d) of section 10-a of the E.T.P.A. specifically states that a tenant who sublets retains the rights and status of a tenant in a pending co-operative conversion. Moreover, even prior to this year’s new legislation, this excuse was held to be an insufficient reason for the landlord’s refusal to consent to a sublet. (See Medina v Brabert Realty Co., 114 Misc 2d 816; Palmer v 309 East 87th St. Co., 112 Misc 2d 667.) Since the new section 226-b codifies the case law on subletting, the principles established in these cases are still in force (see Conrad v Third Sutton Realty Co., 81 AD2d 50).
Defendant’s third argument that this is not the plaintiff’s primary residence also fails to meet the requisite standards as discussed above.
The tenant’s remedy when the landlord unreasonably withholds consent to sublet is unequivocably spelled out in *485 the new section 226-b (subd 2, par [c]): “If the landlord unreasonably withholds consent, the tenant may sublet in accordance with the request”. Therefore, plaintiff shall be allowed to sublet in accordance with the proposed sublease.
Finally, defendants object to the proffered treatment of plaintiff’s motion for preliminary injunction as one for summary judgment prior to joinder of issue. This procedure, adopted in Conrad (supra), has been followed in this judicial department (Kreitman v Einy, 92 AD2d 801; Vance v Century Apts. Assoc., supra). Even in Shapiro v Dwelling Managers (92 AD2d 52), a majority of the court approved of this procedure.
In view of the foregoing, the motion is granted as against defendant Bleecker, and plaintiff shall have summary judgment for a declaratory judgment. Upon service of a copy of the order with notice of entry, the landlord shall be deemed to have consented to the sublease. The request for damages is dismissed as is the claim against Kenneth Newman. (Gray v One Lincoln Assoc., NYLJ, May 25, 1983, p 11, col 1.)