OPINION OF THE COURT
Ira Gammerman, J.
On April 29, 1983, this court determined that plaintiffs Dean and Marjorie Fox had the right to assign their lease to apartment 22D at 185 East 85th Street to plaintiffs Milton and Marsha Springut (119 Misc 2d 331). The assignment was declared effective as of February 1, 1983, and the defendant was directed to deliver possession of the apartment to the assignees. On May 6, 1983, the Springuts took occupancy. Defendant filed a notice of appeal and moved for a stay. The stay was denied.
In late June, 1983 the Legislature passed the Omnibus Housing Act of 1983 (L 1983, ch 403) which effectively eliminated the right of tenants to assign. The statute provided (§ 37) that the section of the act relating to assignments was to be effective immediately and was to “apply to all actions and proceedings pending” on the effective date. Defendant now moves to renew, arguing that the legislative action retroactively deprives the Foxes of their right to assign. The court does not agree.
At the time the Foxes exercised their right to assign, their lease with defendant, by virtue of section 226-b of the Real Property Law, as it then existed, gave them that right. That right was validly exercised. The legislative *44 language with reference to pending actions is not a sufficient indication of the intent of the Legislature to extinguish a right which previously existed and was properly exercised. The court interprets the language relating to pending actions as having applicability only to a matter in which the validity of the assignment has not as yet been ruled upon (see Russman v Zelda Realty Corp., NYLJ, Aug. 24, 1983, p 6, col 1). Certainly there is nothing in the language of the statute which indicates that the Legislature intended it to apply to a case in which the assignee had already taken possession pursuant to a valid assignment. Such a construction would result in both injustice and hardship.
Further, there are certain equitable considerations which mandate the denial of the motion. One of defendant’s attorneys occupies a somewhat unique position here. It was he, initially, who attempted to obtain the assignment from the Foxes. When that attempt was unsuccessful, his firm, on behalf of the defendant, instituted proceedings in Civil Court to terminate the Foxes’ lease. He is also counsel to the Senate Housing Committee and must be presumed to have participated in the drafting of the legislation which forms the basis for the motion to renew. In view of these circumstances and the fact that the assignees have already moved into the apartment pursuant to court order, it would appear to be a proper exercise of the court’s equitable powers to deny defendant’s motion.