■ DEAN L. FOX et al., Respondents, v 85TH ESTATES COMPANY, Appellant. — Orders, Supreme Court, New York County (I. Gammerman, J.), entered May 4, 1983 and September 15, 1983 are unanimously reversed, on the law, without costs (insofar as said orders grant summary judgment for declaratory relief declaring the assignment of plaintiffs Fox to plaintiffs Springut effective as of February 1, 1983 and direct defendant to deliver possession of apartment 22D to plaintiffs Springut forthwith); and judgment is directed declaring said assignment invalid as against defendant, and the action is severed. ¶ Section 226-b of the Real Property Law (as amd by L 1983, ch 403, § 37, eff June 30, 1983) provides in part: ¶ "1. Unless a greater right to assign is conferred by the lease, a tenant renting a residence may not assign his lease without the written consent of the owner, which consent may be unconditionally withheld without cause provided that the owner shall release the tenant from the lease upon request of the tenant upon thirty days notice if the owner unreasonably withholds consent which release shall be the sole remedy of the tenant. If the owner reasonably withholds consent, there shall be no assignment and the tenant shall not be released from the lease * * * ¶ "7. The provisions of this section except for items in paragraph (b) of subdivision two of this section not previously required, shall apply to all actions and proceedings pending on the effective date of this section." ¶ The residential lease in this case does not confer a "greater right to assign". This action was pending on June 30, 1983. Indeed, so far as appears, no "judgment" has been entered; in any event the action was and is undeniably pending on appeal. ¶ The Court of Appeals has applied the statute as amended to situations in which the operative facts had occurred, and even the decision in the Appellate Division had been rendered, before the amendment of the statute. (*Vance v Century Apts. Assoc.,* 61 NY2d 716, affg 93 AD2d 701.) Accordingly, plaintiffs tenants Fox assignment to plaintiffs Springut is invalid as against the landlord because the landlord had refused to consent, whether or not such refusal was unreasonable. ¶ Although defendant's appeal purports to be from "each and every part of said order", no argument is made as to other portions of the order, and accordingly the appeal,

if any, as to such other portions is deemed abandoned. ¶ The notice of appeal from the order of May 4, 1983 brings up for review the order of September 15, 1983 denying defendant's motion for renewal. (CPLR 5517, subd [b].) Concur — Asch, J. P., Lynch and Alexander, JJ.

Silverman, J., concurs in a memorandum as follows: I add to the court's memorandum that in my view, even before the amendment of the statute, the sole remedy of a tenant whose landlord unreasonably refuses to consent to an assignment was to be released from the lease. (See Silverman, J., concurring opn, *Shapiro v Dwelling Managers,* 92 AD2d 52.) [119 Misc 2d 331; 121 Misc 2d 43.]