OPINION OF THE COURT
Richard S. Lane, J.
The Omnibus Housing Act (L 1983, ch 403) contains an amended section 226-b of the Real Property Law which drastically curtails, indeed effectively abrogates, the right to assign a lease without the landlord’s consent. Retroactivity is unambiguously written into the new section 226-b. But how far does that retroactivity reach? Does it reach an assignment without consent but valid as a matter of law under the previous section 226-b and physically consummated prior to the June 30, 1983 effective date of chapter 403? That is the troublesome issue posed by the motions herein.
The facts are substantially undisputed. Tenant’s lease expired October 31, 1983. Some six months prior thereto, newly married or remarried, she wrote to landlord seeking leave to assign to her brother and, in response to that request, submitted appropriate financial information. Nevertheless on June 14, 1983 landlord through its attorney rejected the proposed assignment on the grounds that *849 the proposed assignee lacked substantial assets and that tenant had demonstrated no further need for the apartment. On June 17, 1983 tenant, likewise by attorney, rejected the rejection as frivolous, and on June 20, 1983 assignment papers were executed and brother took possession. Landlord’s riposte was to serve notices to cure and terminate in August and to commence this holdover proceeding in September. Tenant and brother were joined as parties respondent, although apparently only tenant received the notices.
Now before me are landlord’s motion to strike jury demand, tenant’s cross motion to dismiss, and landlord’s subsequent motion for summary judgment.
On the motion for summary judgment landlord does not question the adequacy of tenant’s brother’s income to carry the rent and does not really resist that its refusal to consent was unreasonable. Rather it relies on the new section 226-b which limits tenant’s remedy to a release from the obligations of the lease no matter how unreasonable the refusal to consent, and cites Vance v Century Apts. Assoc. (61 NY2d 716).
Tenant on the other hand asserts that the old section 226-b governs, which entitles tenant to proceed with the assignment if landlord’s refusal is unreasonable, and cites Conrad v Third Sutton Realty Co. (81 AD2d 50, mot for lv to app den 55 NY2d 601).
Unlike Vance (supra), there was no proceeding pending here on June 30, 1983. The new section 226-b, however, is not only retroactively applicable to all pending proceedings, but also to all leases entered into or renewed before or after enactment. Thus, argues landlord, it governs all unadjudicated assignments regardless of when the proceeding started. Landlord misreads. The key to this provision is not the timing of judicial intervention, but rather the timing of the operative facts. The purpose is not to reach back to invalidate assignments completed prior to June 30, 1983, but rather to ensure reaching later assignments even though the lease being assigned predates (see Fox v 85th Estates Co., 119 Misc 2d 331).
Furthermore to interpret the new section 226-b to apply to an assignment completed prior to June 30, 1983 and *850 valid under the law then in effect would unconstitutionally impair contract rights (US Const, art I, § 10; McKinney’s Cons Laws of NY, Book 1, Statutes, § 51, subd e; Sitomer v Melohn Props. Mgt., NYLJ, Nov. 9, 1983, p 11, col 4). Lapidus v Melohn Props. (NYLJ, March 21, 1984, p 6, col 4) cited by landlord, is not to the contrary. There the assignment took place on June 30 itself at a time when, in absence of evidence to the contrary, Justice Shea found that the new statute was already in place.
Accordingly, landlord’s motion for summary judgment is denied. Tenant’s motion to dismiss is apparently addressed to the pleadings rather than the merits, and is premised on the Alice-In-Wonderland reasoning that, by bringing on the motion to strike the jury demand, landlord was conceding tenant’s brother’s privity under the lease. It must be denied also. However, tenant is granted reverse summary judgment dismissing the petition pursuant to authority contained in CPLR 3212 (subd [b]). The motion addressed to the jury demand is, of course, thus rendered moot.