OPINION OF THE COURT

Per Curiam.

Final judgment dated April 23, 1982 and order dated July 6, 1982 affirmed, with $25 costs.
The former rent-stabilized tenant of the subject premises, Susan Bonhomme, was in possession under a lease which expired September 30,1981. In February, 1981, she sought permission to “sublet” the apartment for the balance of the lease term to Jean and Reynaldo Rincon. Upon the landlord’s refusal to consent, Bonhomme vacated the *785 premises and the Rincons entered into possession. In an ensuing holdover proceeding brought by landlord, Civil Court (H. Freedman, J.), relying upon Conrad v Third Sutton Realty Co. (81 AD2d 50), determined (in June, 1981) that landlord had unreasonably withheld consent, and found the transfer to the Rincons to constitute a valid assignment (Equity Props. Corp. v Bonhomme, 109 Misc 2d 760). This court affirmed on the opinion of Civil Court (111 Misc 2d 999).
Landlord refused to renew the lease upon its expiration, and brought a second holdover proceeding in November, 1981 against Bonhomme and the Rincons. Bonhomme, having vacated and made her primary residence elsewhere, did not defend. As to the Rincons, the court concluded that they could not assert a right to a renewal lease on the basis of their assignment from Bonhomme. The Rincons have taken an appeal from that judgment, although it must be noted that they failed to satisfy certain conditions of the stay pending appeal, and were consequently evicted on October 19, 1982.
We are in agreement with the result reached below. The common-law rule regarding assignment is usually expressed in terms of the oft-used cliche, viz., an assignee stands in the shoes of his assignor. Thus, the argument runs that since a stabilized tenant has a right to renew (Code of Rent Stabilization Association of New York City, Inc., § 60), ergo, his assignee must be clothed (or shoed, to preserve the metaphor) with that same right. The Court of Appeals has instructed us, however, that “mechanical application of common-law rules will not promote reasonable decision in cases controlled by emergency rent legislation.” (Matter of Park East Land Corp. v Finkelstein, 299 NY 70, 75.) There are weighty public policy considerations which strongly militate against allowing the statutory right to renew a lease under rent stabilization to be freely assigned. A basic purpose of the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) is to prevent the ouster of certain protected tenants (with limited exceptions), provided they agree to accept renewal leases at rates fixed by a legally constituted administrative board. The renewal leases are to be “on the *786 same conditions as the expiring lease” (Code of Rent Stabilization Association of New York City, Inc., § 60). It seems to us that the Code contemplates that the renewing “tenant in occupancy” be the same tenant (or immediate family member) with whom the landlord contracted, not a stranger to whom the landlord is indefinitely wedded until he voluntarily vacates or, perhaps, assigns in turn to another party. To permit protected tenants to procure other dwelling places and pass on to their assignees the right to renew the lease of their own now-abandoned residences is clearly not within the intent of the Rent Stabilization Law or section 226-b of the Real Property Law (old or new version), and is rife with a potential for profiteering.
We take note that last year the Legislature repealed former section 226-b and enacted a new section which gives landlords the right to “unconditionally withh[o]ld without cause” consent to a proposed assignment (L 1983, ch 403, § 37; see, also, Vance v Century Apts. Assoc., 61 NY2d 716). Manifestly, the current legislative intent is to discourage passing on of leases like batons in a race (Melohn v Heins, NYLJ, April 14, 1981, p 6, col 1). Even under former section 226-b of the Real Property Law, there was some ambiguity as to whether an assignor who had no intention of returning to the premises could compel a landlord to consent to an assignment (cf. Vance v Century Apts. Assoc., 93 AD2d 701, with Kreitman v Einy, 92 AD2d 801; see, also, Miller v North Shore Towers Assoc., 119 Misc 2d 644). At this juncture, we hold that the assignee of a rent-stabilized tenant cannot exercise the statutory renewal right of the departed tenant.
On a collateral point, the Conciliation and Appeals Board, which submitted an amicus brief, argues that the Civil Court encroached upon its exclusive jurisdiction to the extent that on renewal, the court disregarded an order of the Board entered subsequent to the entry of final judgment. That order, however, was addressed to the question of primary residency. The decision below essentially decided the question whether the Rincons, as assignees, were entitled to a renewal lease — a legal question well within the jurisdiction of Civil Court to decide. That ques *787 tion was not litigated before the Board and its opinions do not directly deal with it.
Dudley, P. J., Hughes and Parness, JJ., concur.