■ SARAH BLUM et al., Respondents, v WEST END ASSOCIATES, Appellant. — Judgment, denominated an order, Supreme Court, New York County (Richard Wallach, J.), entered July 8, 1983, which, *inter alia,* granted plaintiffs' motion for summary judgment and declared plaintiff Blum's assignment of the subject apartments to have been deemed consented to by the defendant, affirmed, with costs and disbursements.

Preamendment subdivision 2 of section 226-b of the Real Property Law had been interpreted to require the landlord to state his reasons for withholding his consent to a requested assignment of the lease, or consent would be deemed granted. (See *Conrad v Third Sutton Realty Co.,* 81 AD2d 50, 55.) Inasmuch as defendant did not, within 30 days of the request, respond in writing to plaintiff's written request for consent to an assignment of the lease, the tenant's right to assign vested under the statute. The present statute, effective June 30, 1983, as amended, permits a landlord to withhold its consent unreasonably, giving the tenant in such case only the right to be

released from his obligations under the lease, and has been given retroactive effect when a landlord did, in the first instance, specifically reject, even unreasonably, a request to sublease. (See *Vance v Century Apts. Assoc.*, 61 NY2d 716.) In this case, however, the landlord never rejected the tenant's request, and thus cannot reap the benefit of the amendment, since the previous statute gave a tenant certain vested rights as a result of a landlord's failure to respond to a request. Concur — Kupferman, J. P., Sullivan, Ross and Bloom, JJ.

Alexander, J., dissents in a memorandum as follows: I respectfully dissent and would reverse the judgment below to declare for the defendant-appellant landlord. Section 226-b of the Real Property Law, as amended effective June 30, 1983, expressly permits a landlord to unreasonably withhold its consent to an assignment of a lease, unless a greater right to assign is conferred by the lease. Where such consent is unreasonably withheld, "release [from the lease] shall be the sole remedy of the tenant." (Real Property Law, § 226-b, subd 1.) Additionally, the amendment is expressly applicable to leases entered into before or after the effective date, June 30, 1983, and thus is to be applied retroactively. This proceeding was pending on the effective date and thus is subject to the provisions of the amendment.

The Court of Appeals applied the statute as amended to a situation where the operative facts had occurred, and even the decision in the Appellate Division had been rendered, before the amendment of the statute. (*Vance v Century Apts. Assoc.*, 61 NY2d 716.) There the court held (pp 717-718) that "[u]nder the provisions of the new section 226-b of the Real Property Law, whose provisions are expressly applicable to all pending actions and proceedings, release from the lease is the sole remedy of a tenant where the landlord has unreasonably withheld consent to the tenant's request to assign the lease". (See, also, *Fox v 85th Estates Co.*, 100 AD2d 797.)