OPINION OF THE COURT
Alice Schlesinger, J.
Petitioner commenced this holdover proceeding with the service of a 30-day notice of termination after the expiration of the last lease for the premises. He contends that respondent, as the assignee of that lease, has no right to a renewal lease even though the premises are subject to the Rent Stabilization Law (Administrative Code of City of New York § YY511.0 et seq.). Both parties moved for summary judgment based on the following undisputed facts.
On or about January 19, 1974, petitioner’s predecessor entered into a written lease for the subject premises with Bonnie Dry. That lease was most recently extended by a written agreement dated October 6, 1981 for the three-year term from February 1, 1982 through January 31, 1985.
With the knowledge and oral permission of petitioner’s predecessor, Ms. Dry assigned her lease to respondent Green-berg on or about June 24, 1982. At that time, the predecessor landlord increased respondent’s rent by 15%, based on the then effective vacancy allowance established by the Rent Guidelines Board. (See, Rent Guidelines Order No. 13.)
*963 When respondent moved into the premises in July, he requested that the apartment be painted. The predecessor landlord readily complied. Since that time, respondent has continuously resided in the apartment, paying the newly calculated rent in his own name.
Petitioner became the owner of the building in March 1984. In April, petitioner registered the premises with the State Division of Housing and Community Renewal (DHCR) as required by the Omnibus Housing Act of 1983 (L 1983, ch 403). On the registration form, petitioner listed respondent Greenberg as the tenant. The designated lease expiration date was that of the lease which Ms. Dry had assigned to respondent. The designated rent included the 15% vacancy allowance that respondent had been paying since he moved in. The form contained no mention of Bonnie Dry or an assignment, even though petitioner was fully aware of the history of the premises.
In February 1985, after the lease expired, respondent filed a complaint with DHCR that petitioner had failed to give him a renewal lease. Respondent continued to tender rent, and petitioner accepted it for the months of February and March 1985. At the end of March, the 30-day notice terminating respondent’s tenancy was served. Petitioner then stopped accepting rent and commenced this holdover proceeding.
In moving for summary judgment, petitioner concedes that he is bound by his predecessor’s consent to the assignment of the lease from Ms. Dry to respondent Greenberg. He argues instead that respondent is now subject to eviction based on the expiration of the lease, because assignees are not entitled to renewal leases. For this argument, he relies solely on Equity Props. Corp. v Bonhomme (124 Misc 2d 784 [App Term, 1st Dept 1984]) and the reasoning and cases cited therein.
Respondent makes various arguments in opposition to petitioner’s motion and in support of his own motion for summary judgment. As detailed more fully below, his main argument is that Equity Props, (supra) is inapposite to the case at bar, and that the common law entitles respondent as assignee to a renewal lease.
This court finds that respondent as an assignee is entitled to a renewal lease. The court reaches this decision after considering the common law regarding assignments, the recent amendment to Real Property Law § 226-b, and the cases cited by both parties.
*964 At common law, a tenant "has always had an unrestricted right to sublet or assign at will * * * with restrictions thereon viewed with disfavor by the courts” (Lewis, Greenwald & Kennedy v Vector Real Estate Corp., NYLJ, Nov. 23, 1984, p 4, col 5, p 6, col 1 [Sup Ct, NY County]). When an assignment occurred, the assignor transferred his or her entire interest in the demised premises to the assignee. (Beekman Estate v Hanson, NYLJ, Dec. 5, 1984, p 6, col 2 [App Term, 1st Dept].) The assignee then was in privity of estate with the landlord, and the terms of the relationship were those fixed by the covenants of the lease that ran with the land. (1 Rasch, New York Landlord & Tenant, Summary Proceedings § 217 [2d ed 1971].)
It was further well established under the common law that a covenant in a lease giving the tenant the right to renew is one running with the lease. Therefore, the covenant inured to the benefit of the assignee, entitling him to a renewal lease. (1 Rasch, op. cit.; see also, Matter of 507 Madison Ave. Realty Co. v Martin, 200 App Div 146, 152 [1st Dept], affd 233 NY 683 [1922]; Leibowitz v Bickford’s Lunch Sys., 241 NY 489 [1926]; Bradley v General Store Equip. Corp., 183 Misc 199, 201 [NY Mun Ct], affd 268 App Div 852 [1st Dept 1944]; Loudave Estates v Cross Roads Improvement Co., 28 Misc 2d 54, 55 [Sup Ct, NY County 1961].) Significantly, the right to renew did not extend to a sublessee, but only to an assignee. (Bradley v General Store Equip. Corp., 183 Misc. at p 201.)
In 1975 the Legislature added section 226-b to the Real Property Law. That section, as amended in 1976, provided that any tenant in a building having four or more residential units had the right to sublet or assign his or her lease, provided that the prior written consent of the landlord was obtained. The statute further provided that the landlord’s consent could not be unreasonably withheld; if consent was unreasonably withheld, the landlord then had to release the tenant from the lease upon the tenant’s request. (L 1976, ch 198, § 1.)
This version of section 226-b was interpreted to require the landlord to state his reasons for withholding his consent to a requested sublet or assignment of the lease, or consent would be deemed granted by the court. (See, Conrad v Third Sutton Realty Co., 81 AD2d 50, 55 [1st Dept 1981].) Quite significantly, the assignee in the Equity Props, case which the petitioner herein is relying upon secured the assignment by judicial determination; that is, relying on Conrad, the Civil Court interpreted section 226-b as discussed above to permit *965 an automatic assignment when the landlord failed to respond to the tenant’s request for consent. (Equity Props. Corp. v Bonhomme, 109 Misc 2d 760, 763-764 [NY County 1981] [(Equity I].) Even more signficiantly, the Appellate Term, First Department, affirmed the Civil Court’s decision. (111 Misc 2d 999 [1981], supra.)
Apparently unhappy with problems arising under the statute, such as profiteering by tenants who were "selling” their apartments (see, 1 Rasch, op. eit. § 251.1 [Cum Supp]), the Legislature repealed section 226-b and added a new section in 1983. (L 1983, ch 403, § 37.) While not substantially altering the sublet provisions, the new section 226-b wholly eliminated the tenant’s right to assign, stating that the landlord’s consent to an assignment "may be unconditionally withheld without cause” (Real Property Law § 226-b [1]). It further explicitly provided that, in the event consent is unreasonably withheld, the tenant’s "sole remedy” is to be released from the lease (emphasis supplied).
This new statute has been given retroactive effect only in certain instances. It applies retroactively to invalidate an assignment permitted by the court when the landlord did, in the first instance, specifically refuse the request to assign, whether or not such refusal was unreasonable. (See, e.g., Fox v 85th Estates Co., 100 AD2d 797 [1st Dept], citing Vance v Century Apts. Assoc., 61 NY2d 716 [1984].) However, in the instances in which the landlord did not refuse the tenant’s request but instead failed or refused to respond to the request, the assignment which was then permitted under the old law remains valid today; the reasoning is that such a landlord "cannot reap the benefit of the amendment, since the previous statute gave a tenant certain vested rights as a result of a landlord’s failure to respond to a request.” (Blum v West End Assoc., 104 AD2d 319, 320 [1st Dept].) This distinction and its underlying reasoning is consistent with the recent amendment to section 226-b which, by eliminating the tenant’s right to assign, implies that a knowing and voluntary acceptance of an assignment by the landlord grants the assignee all common-law rights.
It is in this context that one must read the Appellate Term’s most recent decision in Equity Props. (Equity II; 124 Misc 2d 784, supra). As noted above, the assignment was deemed granted by the Civil Court, and was upheld by Appellate Term, when the landlord failed to respond to the tenant’s request to assign. (109 Misc 2d 760, affd 111 Misc 2d 999 *966 [1981], supra.) At the expiration of the lease, petitioner sought to remove the assignee and commenced Equity II. Emphasizing that the assignment existed only because the court had compelled the landlord to accept it, the court stated: "At this juncture, we hold that the assignee of a rent-stabilized tenant cannot exercise the statutory renewal right of the departed tenant.” (124 Misc 2d, at p 786.)
Although the Appellate Term used broad language, this court believes that the holding must be limited to the facts of that case to be consistent with the history detailed above. That is, both the Legislature and the appellate courts have sought since 1983 to eliminate assignments that were being compelled by the trial courts when the landlord unreasonably withheld his consent. However, the Appellate Division made clear in Blum (supra, which postdated Equity II) that the assignment should not be eliminated if the landlord himself violated section 226-b by refusing to respond to a tenant’s request. Since these were the exact facts in Equity II (supra), the Equity holding must be limited by the holding in Blum.
Blum (supra) indicates that the new section 226-b should act to invalidate preamendment assignments only when the terms of the amendment directly apply; that is, only when the landlord unreasonably withheld his consent. However, the statute should not be read to invalidate assignments which occurred when the landlord failed or refused to respond to the tenant’s request in contravention of the statute. Blum further implies that the landlord’s failure to respond to the request amounts to a tacit acceptance of the assignment. This reasoning necessarily dictates that a preamendment assignment must also be upheld when the landlord affirmatively acted to accept the assignment.
This is precisely the case herein. Petitioner’s predecessor knowingly and voluntarily accepted respondent Greenberg as an assignee. This acceptance is indicated by the 15% rent surcharge added to Greenberg’s rent based on Dry’s vacancy, by the landlord’s painting of the apartment when Greenberg moved in, and by his acceptance of rent directly from Green-berg. Additionally, petitioner himself registered respondent as a tenant with DHCR and accepted rent in his own name. Moreover, he concedes that his predecessor consented to the assignment and that he is bound by that consent. Accordingly, the holding in Equity II (supra) is inapplicable to this case, while the holding and more significantly the reasoning in Blum (supra) does apply.
*967 For these reasons, the court grants respondent summary judgment dismissing the petition, based on the finding that respondent as assignee is entitled to a renewal lease. Petitioner’s alternative request for an order striking the jury demand is denied as moot. Respondent’s alternative request for a stay pending the determination of DHCR proceeding is also denied as moot.