OPINION OF THE COURT
Harold Baer, Jr., J.
Plaintiffs Karen Fisher and Byron David Olson seek an order (1) compelling defendants to consent to a proposed sublease; (2) enjoining defendants and their agents from proceeding with any action to evict the plaintiffs during the pendency of this action, and (3) granting damages and attorney’s fees.
Ms. Fisher is the tenant in apartment Ph-D at 36 Gramercy Park East. She is attempting to sublet to Mr. Olson since she has obtained a writing assignment which will require substantial travel during the next 30 months. Her present lease does not expire until February, 1987. Defendant A. J. Clarke Management Corp. (Clarke) is the managing agent of the building and defendant Harold Herman allegedly is the owner of the building.
The Legislature recently enacted amendments to the Emergency Tenant Protection Act of 1974 (E.T.P.A.) (L 1974, ch 576, § 4, as amd) which governs rent-stabilized apartments in New York City (L 1983, ch 403, § 57). Clarke, by its attorney, conceded in a letter to Fisher on April 26, 1983 that this apartment is rent stabilized and, therefore, these amendments to the E.T.P.A. are applicable to the instant case. The E.T.P.A. has been amended to add a new section 10-a which permits subletting pursuant to *950 section 226-b of the Real Property Law. Section 10-a was effective with the Governor’s signature on June 30, 1983 (as provided in section 64 of ch 403) of the Laws of 1983 and reads in relevant part: “Units subject to this law may be sublet pursuant to section two hundred twenty-six-b of the real property law provided that (a) the rental charged to the subtenant does not exceed the legal regulated rent plus a ten percent surcharge payable to the tenant if the unit sublet was furnished with the tenant’s furniture; (b) the tenant can establish that at all times he has maintained the unit as his primary residence and intends to occupy it as such at the expiration of the sublease”.
Mr. Olson will be paying a $50 monthly fee for the use of Ms. Fisher’s furniture. The rental is $800 per month and, therefore, the surcharge is well within the amount permitted by law. Defendants’ objection that the apartment is not being sublet in a fully furnished state is of no legal significance. The law does not require that a unit be sublet fully furnished for the tenant to charge a fee for the use of the furniture. Moreover, defendants make no showing that $50 per month is an inappropriate charge for furniture with an estimated current value of $19,500.
Ms. Fisher states that the apartment in question has always been her primary residence, New York her home, and that she fully intends to return to it at the termination of the sublet. The defendants’ contention that the tenant has no intention of returning is devoid of proof. Thus, in this case, subdivisions (a) and (b) of section 10-a are satisfied, triggering the applicability of section 226-b.
Newly enacted section 226-b (L 1983, ch 403, § 37) sets forth amended requirements and procedures for subletting. Subdivision 2 provides in relevant part: “(a) A tenant renting a residence pursuant to an existing lease in a dwelling having four or more residential units shall have the right to sublease his premises subject to the written consent of the landlord in advance of the subletting. Such consent shall not be unreasonably withheld * * * (c) Within ten days after the mailing of such request [to sublease], the landlord may ask the tenant for additional information as will enable the landlord to determine if rejection of such request shall be unreasonable. Any such request for addi *951 tional information shall not be unduly burdensome. Within thirty days after the mailing of the request for consent or of the additional information reasonably asked for by the landlord, whichever is later, the landlord shall send a notice to the tenant of his consent or, if he does not consent, his reasons therefor”.
As provided in subdivision 7, the provisions of section 226-b “except for items in paragraph (b) of subdivision two of this section not previously required, shall apply to all actions and proceedings pending on the effective date of this section” (June 30, 1983).
Plaintiff Fisher complied with the former requirements of section 226-b by informing the landlord of her intent to sublease in the appropriate manner. The defendants requested additional information via detailed questionnaires which were returned to them on or about March 10, 1983. Clarke subsequently rejected the request to sublease with reasons therefor in a letter dated April 5, 1983. In order to determine the validity of the proposed sublease we must assess whether the landlord’s objections are “reasonable”. The first of several such objections is that “You introduced into the apartment someone without the landlord’s permission, and'the tenancy has been terminated by your failure to cure said violation after due notice.” However, the lawsuit arising out of this situation was settled on March 24 in a stipulation which confirmed that there was no such termination or violation. In their affidavit in opposition, defendants concede this fact.
Clarke raises a variety of objections relating to the requests for additional information. Specifically, defendants state that the subtenant’s responses were confusing and the tenant’s were incomplete. Nevertheless, the information provided by Ms. Fisher and Mr. Olson was sufficiently clear and detailed for defendants to determine whether they could reasonably withhold consent to sublet. In particular, Mr. Olson demonstrates that he is financially capable of meeting the sublease obligations. In contrast, when the proposed subtenant or assignee shows sufficient income and assets, the tenant need only provide a “bare minimum of financial information.” (Hashemi v Solow Mgt. Corp., 118 Misc 2d 272, 274.) Clarke’s myriad *952 of arguments concerning discrepancies and other supposed defects in the questionnaires is without merit. Finally, defendant’s objection to the furniture charge is also unreasonable as discussed above.
Clarke’s April 26, 1983 letter raises an entirely new set of objections, including variations on previous objections. However, a landlord has 30 days from the return of requests for information in which to respond to a request to sublet. The questionnaires here were returned on March 10, 1983; therefore, the timeliness of the second letter is doubtful.
Even if the April 26 letter were timely, the four objections raised therein do not meet the requisite standard of reasonableness. Clarke’s rejection of the request to sublet because of excessive furnishing surcharges, lack of detail as to the subtenant’s finances and absence of Ms. Fisher’s intent to return after 30 months has been discussed above and I find each ground is unreasonable. Finally, the landlord’s legitimate concern that it will not know where the tenant will be during the period of the sublease was answered in the tenant’s questionnaire. Ms. Fisher listed her business address as care of Barbara Lowenstein (her agent), 250 West 57th Street, New York, New York, telephone 586-3825. Ms. Fisher’s affidavit in support of this motion confirms that her agent will know her whereabouts on a daily basis. Defendants’ papers filed in opposition to this motion are the first mention that Clarke requires Ms. Fisher to designate an agent for service of process. Nevertheless, in light of Ms. Fisher’s extensive travel plans during the term of the sublease, she should designate Ms. Lowenstein or someone else as an agent to receive process.
The tenant’s remedy when the landlord unreasonably withholds consent is spelled out in section 226-b (subd 2, par [c]) of the Real Property Law: “If the landlord unreasonably withholds consent, the tenant may sublet in accordance with the request”. Plaintiff Fisher shall be allowed to sublet to Mr. Olson provided that the term of the sublease is reduced from 30 to 24 months, pursuant to amended subdivision (f) of section 10-a of-the E.T.P.A. which provides that: “the tenant may not sublet the unit for more than a total of two years”.
*953 In view of the foregoing, the motion is granted, as against defendant Clarke. Plaintiff shall have summary judgment for a declaratory judgment, subject to the requisite change in the duration of the sublease; to her, designating an agent for service of process and serving defendants with a copy of such designation. Upon service of a copy of the order with notice of entry and the amended sublease, the landlord shall have deemed to have consented to the sublease. The claim for damages and attorney’s fees is dismissed as is the claim against Harold Herman (Gray v One Lincoln Assoc., NYLJ, May 25, 1983, p 11, col 1).