OPINION OF THE COURT
Marilyn G. Diamond, J.
Respondents, the prime tenant, Edgar Feldman (Feldman), the subtenant, Stephen Schoenfeld (Schoenfeld), and Schoenfeld’s co-occupant, Gayle Morris (Morris), move for summary judgment dismissing the holdover petition and awarding them attorney’s fees. Petitioner cross-moves for an order allowing him to depose Feldman and Schoenfeld.
The petition is brought on the grounds set forth in the notice to cure and notice of termination served by petitioner, to wit: (1) that Feldman’s sublet to Schoenfeld was unauthorized by petitioner, and (2) that the sublet was in violation of Real Property Law § 226-b.
The following facts are not in dispute. On or about August 3, 1991, Feldman requested petitioner’s consent to a proposed sublease with Schoenfeld. Feldman provided all applicable information specified in Real Property Law § 226-b. Pursuant to Real Property Law § 226-b (2) (c), petitioner then sent Feldman a 12-page questionnaire (the Questionnaire) requesting additional information, to which Feldman and Schoenfeld responded on or about August 26, 1991. On September 23, 1991, petitioner rejected the request to sublet. Nevertheless on or about October 1, 1991, Feldman and Schoenfeld proceeded with the sublet.
Petitioner then served Feldman with a notice to cure dated October 8, 1991. Respondents challenged petitioner’s rejection and provided further information about Morris, Schoenfeld’s fiancée and a proposed co-occupant (though not a subtenant). On October 28, 1991, petitioner consented to the sublease, writing: "Predicated upon the accuracy of the information provided in all prior submissions pertaining to the sublet request and all the information now provided in your October 25, 1991 letter, the owner hereby consents to the proposed subletting for the term requested”. Eighteen months later, *496 and six months prior to the expiration of the sublease, petitioner commenced this holdover proceeding.
Petitioner now disputes the veracity of certain information provided by Feldman at the time of the sublet application. Specifically, petitioner questions "whether Feldman was truthful and accurate when he represented (a) his reasons for subletting, (b) the address for the term of the sublease and (c) that he will continue to maintain the subject premises as his primary residence.”
Petitioner does not deny that it consented to the sublease and acknowledges that the petition does not plead a cause of action in fraud. Instead, petitioner alleges: (1) that Feldman made false statements in the request to sublet in the Questionnaire, and (2) that Feldman’s representations at the time of the sublet are a continuing obligation during the term of the sublease, and that even if true when made, are no longer accurate. Petitioner argues that such false or no longer true statements violate Real Property Law § 226-b and the terms of the tenancy.
Assuming, as the court must on this motion to dismiss, that petitioner’s allegations are true, this petition nonetheless fails to state a cause of action. In essence, no matter how petitioner frames the issue, petitioner now seeks to revoke its consent to the sublet and evict respondent for unauthorized subletting.

Misstatements of Facts as Grounds for Revoking Consent

At the time of a request to sublet, Real Property Law § 226-b provides for an exchange of information between the landlord and the tenant with respect to, inter alia, the proposed sublease, the sublessee and the tenant’s reason for subletting and address during the sublease. The landlord is given an opportunity to investigate the tenant’s representations, and to determine the reasonableness of the tenant’s request.
If the landlord concludes that the representations are incorrect, he must make a timely rejection of the request to sublet pursuant to Real Property Law § 226-b (2) (c). (Cf., Vance v Century Apts. Assocs., 93 AD2d 701 [1st Dept 1983], affd 61 NY2d 716 [1984] [Held: Tenant’s motion to compel the landlord to consent to the sublease denied; landlord entitled to trial on the issue of the tenant’s intent to return].)
If the landlord consents but thereafter, during the term of the sublease, discovers that the opportunity to investigate was nullified by the tenant’s misrepresentations, its recourse is an *497 action to rescind its consent based on the tenant’s fraud. The landlord cannot, absent fraud, withdraw its consent once given. Petitioner herein, however, concedes that it has not pleaded fraud.
Assuming arguendo that petitioner could revoke its consent without pleading fraud, it would still be held to the same "reasonable” standard required to withhold consent initially. (See generally, Kruger v Page Mgt. Co., 105 Misc 2d 14 [Sup Ct, NY County 1980].) In the present case, the allegations of misrepresentation, even if true, are not sufficient to justify withholding consent.
Petitioner’s claim that Feldman does not intend to maintain the apartment as his primary residence, since he is now living in Massachusetts full time and not on weekends as set forth in the Questionnaire would not have reasonably justified rejection. A tenant need only intend to occupy the apartment as a primary residence at the expiration of the sublease, not during it. By its nature a sublease requires the tenant to live elsewhere during its term. Further, even if Feldman’s primary residence is now in Massachusetts, nonprimary residence is not a predicate for terminating his lease mid-term. (Rent Stabilization Code [9 NYCRR] § 2525.6 [f]; cf., Pamela Equities Corp. v Camp, 127 Misc 2d 395 [Civ Ct, NY County 1985] [landlord’s action proceeded because petitioner alleged grounds in addition to nonprimary residence].)
Petitioner’s claim that Feldman’s address during the sublease period, which Feldman set forth in the Questionnaire, is incomplete or inaccurate, is also not a reasonable ground to reject the sublease. Feldman provided both a business address and his Massachusetts vacation home address in the Questionnaire and this is sufficient. (Fisher v Clarke Mgt. Corp., 120 Misc 2d 949 [Sup Ct, NY County 1983].)
Petitioner’s claim that the consent given was conditioned upon the veracity of the information provided by respondent is also without merit. While petitioner’s consent did state that it was "[predicated upon the accuracy of the information provided in all prior submissions”, Real Property Law § 226-b does not contain any language which contemplates a "conditional” consent. The statute gives the landlord ample time to investigate the request and determine reasonableness. To permit such conditional consent would create uncertainty and leave subtenants and tenants alike in limbo during the sublease period.

*498
Continuing Representations

Petitioner also argues, citing Charles 15 Assocs. v Krader (NYLJ, Apr. 22, 1993, at 23, col 4 [App Term, 1st Dept]), that Feldman is under a continuing obligation to show that the facts he represented to petitioner at the time of the request remain true throughout the term of the sublease. Charles 15 Assocs. stands for no such proposition. In Charles 15 Assocs. the landlord authorized a sublease for a specified period. After the expiration of that period, the tenant then sought the landlord’s consent to extend the sublease for an additional period. Because facts respecting the tenant’s intent to return to the apartment had changed during the authorized sublease term, the court permitted the landlord to reject the proposed sublease extension, not to revoke its consent to the original sublease.
Respondents’ motion is granted.